[PHILADELPHIA, MAY 8TH, 1839.]

## Case of GREENLEAF COURT.

CERTIORARI.

1. It is not a sufficient exception to the report of a jury of review in the case of a street in the city of Philadelphia, that the names of absent jurors are not mentioned—the report commencing, " The jurors appointed in the within order of Court, &c., report," &c., and being signed by five of the jurors.

2. Nor is it a sufficient exception to such report that it does not state whether the street be necessary for a public or private road—the report " adopting and confirming the report" of the first jury in which the street is laid out as a public street.

3. Nor is it a sufficient exception to such report that it states that the jurors were " first duly sworn *and* affirmed, according to law."

THIS was a certiorari to the Court of Quarter Sessions for the City and County of Philadelphia, to remove the proceedings on an application for the opening of Greenleaf Court in the city of Philadelphia.

The report of the jury of view was as follows:

" The jurors appointed in the within order report, that being first duly sworn and affirmed respectively according to law, they, together with the county commissioners and such of the parties as thought proper to attend, after due notice, did view the ground through which the proposed street is to pass; and they are of opinion that there is occasion for the street prayed for by the petitioners to be opened for public use, and the jurors do adjudge the same necessary, and have laid out the same to be opened as follows, to wit, commencing on the east side of Delaware Fifth street, at the distance of 116 10-12 feet from the south side of High street, and running east parallel with High street, of the width of 25 feet, until it meets the street called Greenleaf Court, as the same is now open; which together will form a continuous street from Fourth to Fifth street, 25 feet wide, parallel with High street, to be called Greenleaf Court, agreeably to the plan hereto annexed."

A review was granted, and the jury made the following report:

(Case of Greenleaf Court.)

"The jurors appointed in the within named order of Court respectfully report, that being first duly sworn and affirmed respectively according to law, they, together with the county commissioners and such of the parties as thought proper to attend, after due notice, did review the ground through which the proposed street is to pass, and they are of opinion that there is occasion for the street prayed for to be opened; and they adopt and confirm the original report of the original reviewers and draft thereto annexed. Witness the hand and seals of the jurors."

This report was signed by five of the jurors only. The Court of Quarter Sessions confirmed the report; whereupon a certiorari was taken out and the following exceptions filed in this Court.

"1. Because the report was defective, in that it does not state particularly who of the jurors were present, as required by law.

2. Because the report is defective, in that it does not state whether the street to be opened be necessary for a public or private road.

3. Because the report of the jurors does not state whether the jurors were severally sworn or affirmed."

Mr. *M'Ilvaine* for the appellants, cited the case of the road from *App's Tavern*, &c., (17 *Serg. & Rawle*, 389.)

Mr. *Cadwalader, contra,* was stopped.

Per Curiam.—These exceptions are too nice to prevail. The statute required the reviewers to report the names of those who were present—and they have done so—but not the names of those who were absent—and the statute does not require it. They say that the viewers appointed and named in the order had reviewed the ground; and this would seem to include the six; but the report is signed by only five. If it were important to know the missing man, he could be readily ascertained by comparing the signatures with the names in the order. But it was unimportant to designate him, as there was a sufficient number without him. But the statute required them to specify whether the street was necessary as a public or a private one; and they have not directly done it. But they have done it indirectly by expressly re-establishing the first report, in which it was laid out as a public street, which would be sufficient in all conscience, even if such a thing were known to the law as a private street. The last exception is sharper still. The statute required them to report that they were sworn *or* affirmed, and they have reported that they were sworn *and* affirmed. To say nothing of the precedents for reading *and* as *or*, and *or* as *and*, as the case may require, suppose these reviewers to have been both

sworn and affirmed, as they may have been, and that they have reported the fact accurately and truly; surely to have been doubly qualified would not vitiate their report. The statute intended to give an appeal to the conscience; but the form of it was left to the taste of the parties to be qualified. It is enough that such an appeal was made; and to specify the form and quality of it, was unnecessary.

Proceedings affirmed.