# Gibson and Guy's Mill Road.

*Approval and Confirmation of Report of Viewers.— When to be made.*

1. It is not enough that the report of the viewers appointed to lay out a public road has been filed in the clerk's office; it must be presented to and approved by the court.

2. An "approval *nunc pro tunc*," and "confirmation" of a report, at the same time, is erroneous, because it deprives those opposed to the report of the full time which the law allows for filing exceptions, after the approval at the term to which the report is made.

3. Where a report which was returnable to October Sessions, was not returned until December Sessions, and was then endorsed, "approved *nunc pro tunc*, as of its proper term, and the same confirmed absolutely," the order of the Quarter Sessions was reversed, and the proceedings quashed.

CERTIORARI to the Court of Quarter Sessions of *Allegheny county*.

To December Sessions of 1852 a petition was presented, praying for the appointment of viewers to lay out a road leading from a point on the Middleton Road, near Gibson's mill, to the road leading from Guy's mill to Pittsburgh. Viewers were thereupon appointed, whose report locating a road, was filed and approved at March Sessions, and confirmed at June Sessions, of 1853. As this road, it seems was not yet opened, at June Sessions 1859, a review was prayed for, and viewers were appointed. At October Sessions 1859, one of the viewers refusing to serve, another was appointed. On the 1st of November 1860 (in vacation), the report of the viewers vacating the road was filed with the clerk of the sessions. On the 31st of December 1860 (being the sixth day of December Sessions), this report was presented to the court, and, on motion of S. H. Geyer, the court "approved the report of the viewers, filed on the 1st of November 1859, reporting in favour of the vacation of the said road, as prayed for, *nunc pro tunc*, as of its proper term, and the same report is now confirmed absolutely." The proceedings were all docketed and filed as of No. 4, December Sessions 1852.

On exceptions and reasons filed, a rule was granted to show

[Gibson and Guy's Mill Road.]

cause why the proceedings to vacate should not be set aside; which rule was, on hearing, discharged, and the exceptions dismissed; whereupon the case was removed into this court by *certiorari*, and the following errors assigned:—

1. The court below erred in refusing to set aside the proceedings, for the reason stated in the first exception, to wit, " That they were improperly recorded as of December Term 1852."

2. In not setting aside the proceedings for the reason given in the second exception in the court below, to wit, " That the report of viewers was not presented to and approved by the court until December Term 1859, two terms after the order to view."

3. In not sustaining the third exception, which was "that the approval, *nunc pro tunc*, at December Term was illegal and void."

4. In not sustaining the fourth exception, that " the approval and confirmation on the same day was illegal and void."

5. In discharging the rule to set aside the proceedings to vacate.

*Thomas Ewing*, with whom was *J. C. Young*, for exceptant, argued that this was an original proceeding, and independent of the other cause in 1853; and should not have been docketed with it, where no one would think of looking for it; that the road law prescribed also the practice, which is, to present a petition to one term, the report for approval at the next, and allow one term to intervene before confirmation by order of court or operation of law. When this report was approved at the third term after it was granted, it was dead: 8 Casey 282; 5 Casey 20; Leg. Jour. vol. 16, p. 196. The substitution of a new viewer cannot be considered as a new appointment of all the viewers by *construction*: Frankstown Road, 2 Casey 412. No order or decree, made *nunc pro tunc*, is valid: 8 Casey 284. The absolute confirmation on the day the report was approved, renders the whole void: 9 Barr 70; Leg. Jour. vol. 16, p. 196.

The opinion of the court was delivered, November 9th 1860, by

STRONG, J.—It is unnecessary to consider at length all the objections urged against this very irregular proceeding. Some of them have not been pressed in the argument, and the third and fourth are quite sufficient to make it imperative upon us to reverse the action of the Court of Quarter Sessions. That court considered the report as having been properly made to October Term. Yet it was only filed in the office of the clerk, and was not presented to the court for confirmation until the December Term following, when it was approved, *nunc pro tunc*, as of its proper term, and the same day confirmed absolutely. Now if the report should have been properly made to October Term, as the court supposed, the approval, *nunc pro tunc*, as of

[Gibson and Guy's Mill Road.]

a former term, in December, and confirmation absolute on same day were erroneous, because the opponents of the petitioners were thus cut off from any opportunity to file exceptions, and the law allows them one full term for that purpose, after the approval at the term to which the report is made.

But if the report is to be considered as having been made to December Term, as it probably should be, then the approval at that time, as of a former term, was erroneous, and so was the absolute confirmation at the same time. The confirmation absolute cannot be considered as a nullity. It was equivalent to an order that no exceptions should thereafter be received against the report of viewers, and that the whole proceedings should then be entered upon record. The Act of Assembly does not indeed, in direct terms, require the court to confirm a report absolutely at the succeeding term after it has been approved, but it does direct that the proceedings shall then be entered upon record, and this can only be done by order of the court to its clerk, either expressed or implied from a judgment of confirmation.

The order of the Court of Quarter Sessions, approving and confirming the report of viewers, is reversed, and the proceedings are quashed.