## Lower Makefield Road.

1. Viewers laid out a road and vacated *part* of another, which was between the termini of the road laid out, and returned a plot both of the road laid out and the parts vacated; reviewers refused to lay out, but vacated the same part and returned a plot; re-reviewers laid out the road and also vacated the same parts but returned no plot; exceptions were filed in the sessions, which were dismissed, but the court below set the report aside because no plot was returned: *Held* to be correct: there not having been an entire vacation.

2. The want of a plot was not excepted to below. It was not error to set the report aside on this defect, although not excepted to.

March 5th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Bucks county:* No. 78, to January Term 1872.

In the matter of a public road in Lower Makefield township.

On the 15th of June 1869, the petition of citizens of Lower Makefield township was presented to the court, setting forth that part of a road known as the "Lower River Road," beginning at the intersection of that road with Bridge street, and ending in the same road at John Doyle's gate, by reason of the washing away of the road by high waters in the river Delaware, &c., had become useless, &c., "and would better accommodate the public by being changed so as to begin and end at the same points, but by being further removed from the said river in many places along the same." They prayed for viewers "to vacate and relay the same or such parts thereof as in their judgment may be found necessary."

Viewers were appointed accordingly: by the order they were directed, amongst other things, to return with their report, "a plot or draft thereof, with the courses and distances," &c.

The viewers reported that parts of the road had become useless, &c., "and ought therefore to be vacated, and we do vacate the same in the manner set forth in the plot and draft hereunto annexed, which we make part of this our report."

This report was confirmed nisi September 16th 1869.

The supervisors of the township on the 4th of November filed exceptions to the report. On the same day citizens of the township, petitioned, setting out the former proceedings, and praying for reviewers "to review the said road as well that vacated as the one laid out," &c.

On the 17th of January 1870, the exceptions to the report of the viewers were dismissed, and the report confirmed: on the 9th of February reviewers were appointed.

They reported that there was no necessity for the road reported by the viewers; and as to the portions of the river road vacated by the viewers, they reported: "We do vacate the same in the

21 P. F. SMITH—12

manner set forth in the plot or draft hereunto annexed, which we adopt and make part of this our report."

This report was confirmed nisi, May 7th 1870.

On the 19th of September 1870, a petition for a re-review was filed, setting forth all the previous proceedings, and stating that to the report of the viewers and reviewers a plot or draft was annexed, which they had adopted and made part of the reports respectively.

Re-reviewers were appointed September 22d. The order, amongst other things, directed them to return with their report " a plot or draft thereof, and the courses and distances," &c.

The re-reviewers made report, laying out a road, and stating particularly all the courses and distances, which were numerous, from the beginning to the ending, " hereby first vacating all of the said river road lying between the said two points, viz., from the middle of the said Bridge street, and the said river road, where the road now being laid commences, to the terminus of said road now being laid out opposite the said John Doyle's gate," &c. They returned no plot or draft.

The road was confirmed nisi, December 17th 1870, and five exceptions were filed to the report, March 13th 1871. There was no exception that a plot or draft did not accompany the report.

On the 14th of November 1871, the court (Chapman, P. J.) dismissed all the exceptions; adding: " But there is one defect which appears on the face of the proceedings we ought not to disregard. It is the omission to return a plot or draft of the road vacated. This is a material omission, and therefore the report is set aside."

James W. Paff, one of the persons through whose land the road was laid, removed the record to the Supreme Court by certiorari.

*E. M. Lloyd*, for certiorari, referred to Act of June 13th 1836, sect. 3, Pamph. L. 555; 2 Br. Purd. 1272, pl. 3 ; Hess's Mill Road, 9 Harris 217; Southampton Road, Id. 356; Road in Abington, 14 S. & R. 31; Road in Jackson, 9 Barr 85.

*M. Yardley*, contrà, referred to same act and section, and also sect. 18, 2 Br. Purd. 1276, pl. 26 ; Rutherford's Road, 10 S. & R. 120; Act relating to road in Bucks county, April 23d 1857, sect. 5, Pamph. L. 298.

Judgment was entered March 11th 1872.

PER CURIAM.—We think the court did right in noticing the defects in the report of the re-reviewers, for which it set the report aside. How a draft could be dispensed with where there was a report of a road between the termini, in which there were sixteen or seventeen courses and distances reported, I am not able to see.

[Lower Makefield Road.]

It is true, if an entire vacation had been reported, a draft would then have been unnecessary, for the cogent reason given in the argument for the exceptants, but that was not the case. The report, if it had been confirmed, would have required the action of the supervisors to open the road and keep it in repair. For this reason a draft was indispensable. The Acts of 1836 and of 1867 both require it.

It was not error in the judge to take notice of this omission. No doubt if counsel had desired argument on this point it would have been granted, but no request to that effect appears.

Proceedings affirmed at costs of exceptants.