# South Chester Road.

1. The·Court of Quarter Sessions has not jurisdiction to lay out a road wholly within a borough incorporated subject to the Borough Law of April 3d 1851.
2. The Act·of April 12th 1869, relating to roads in Delaware county, does not repeal the Act of 1851 as to jurisdiction.
3. The Act of 1869 is to regulate the proceedings of viewers under an order made by proper authority ; not to change or confer jurisdiction over roads, streets, &c.
4. Somerset and Stoystown Road, 24 P. F. Smith 61, followed.

[South Chester Road.]

January 18th 1876.    Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and WOODWARD, JJ.

Certiorari to the Court of Quarter Sessions of *Delaware county* :
Of July Term 1875, No. 135.

On the 28th of May 1874, a petition was presented for the view
of a road to begin in Seventh street, at the line between the city
of Chester and the borough of South Chester, and to end in a pub-
lic road called Highland Avenue, at a point, &c., in said borough
of South Chester ; the street prayed for being an extension of
Seventh street in the city of Chester.    After reports of viewers
and reviewers, a jury of re-review was appointed April 6th 1875.

The re-reviewers reported that there was occasion for a road as
desired by the petitioners and that it was necessary for a public road ;
they therefore returned for public use a road " beginning at a point
in the middle of Seventh street, in the city of Chester, as the same
is laid out and opened by said city, in the middle of Lamokin run,
the said run being the boundary line between said city of Chester
and the said borough of South Chester, thence on a line being a
projection of the middle line of said Seventh street, &c., by a single
course to Highland Avenue.    The road was all in the borough of
South Chester.    A number of persons through whose land the road
was located and the council of the borough of South Chester filed
exceptions to the report of the re-reviewers.

The principal exception was, that the Court of Quarter Ses-
sions had no jurisdiction, the jurisdiction being in the burgesses
and council of the borough.

The borough was incorporated by Act of Assembly of March
12th 1870 (Pamph. L. 413), subject to " the General Borough
Laws of the Commonwealth."    These laws are the Acts of April
3d 1851 (Pamph. L. 320) and April 22d 1856 (Pamph. L. 525).
Sect. 2 of the Act of 1851, 1 Br. Purd. 167, pl. 22, enacted that
a borough corporation should have power, " to survey, lay out,
enact and ordain such roads, streets, &c., as they may deem neces-
sary," &c.    Sect. 1 of the Act of 1856, 1 Br. Purd. 174, pl. 94,
enacts, that wherever the burgesses and town council of a borough
shall open, &c., any street, they may apply to the Court of Quarter
Sessions for the appointment of seven freeholders of such borough
who shall assess the damages to parties injured by the opening of
the road.

The Act of April 12th 1869, Pamph. L. 862, relating to the
" road laws in Delaware county," enacts that the number of
road viewers " *appointed by the Court of Quarter Sessions* shall
be six," &c., that if the viewers decide in favor " of locating a
public road or *street*," and the landowners will not release their
claim for damages, the viewers should assess the damages on the
adjoining properties as is provided in the act.    The act throughout

[South Chester Road.]

speaks of *streets* in connection with *roads;* it speaks also of the supervisors of "townships, *boroughs* and *cities.*"

The Court of Quarter Sessions sustained the exceptions, and set the report of the re-reviewers aside : Clayton, P. J., delivering the opinion, viz :—

"The street proposed to be opened in this case has both its termini in the borough of South Chester. It begins and ends within the borough limits. The street proposed to be opened by these proceedings is one of the streets of the borough, laid down upon its adopted plan as sixty feet wide. The case is ruled by Somerset and Stoystown Road, 24 P. F. Smith 61. We do not think the Act of April 12th 1869, affects the point decided in this case. While boroughs are named in the Act of 1869, it only means that where boroughs intend to open streets therein, the borough authorities must proceed under this act, and not the Act of 1836. It does not take from boroughs the authority conferred by the General Borough Law, nor does it repeal it. The exceptions are sustained and report set aside."

The petitioners took out a certiorari from the Supreme Court, and assigned the decree setting aside the report for error.

*D. M. Johnson* and *W. Ward,* for certiorari.

*W. J. Harvey* and *O. Harvey,* contrà.

Judgment was entered in the Supreme Court January 24th 1876,

PER CURIAM.—The public road lies within the borough of South Chester as laid out by the viewers, and as is manifest from the entire record. Being wholly within the borough, the Court of Quarter Sessions had not jurisdiction, as is well shown in the case of the Somerset and Stoystown Road, 24 P. F. Smith 61. The Act of April 12th 1869, does not repeal the General Borough Law of 3d of April 1851, and the supplement of April 22d 1856, as regards the point in controversy, viz., jurisdiction. It is an act intended to regulate the proceedings of the viewers under any order made by proper authority, but not to change or confer jurisdiction over the subject of public roads, streets and alleys. We see no error in the record.

                      Decree affirmed.