## Talbot L. Hibberd *v.* County of Delaware, Appellant.

*Road law—Mandamus to collect award—Practice, Q. S.*

Where every condition precedent to the payment of damages for opening a road has been fulfilled and the plaintiff has obtained a judgment, the validity of which is not questioned, the quarter session is justified in granting a mandamus to collect the award of damages.

*Road law—Confirmation—Opening road—Incorporation of borough.*

An order of confirmation of the report of road viewers being without qualification, and being coupled with an order dismissing exceptions, it is in effect an absolute confirmation, and the road thereby becomes a lawful public road which the public has a right to have opened, unless it be vacated in a lawful manner, and the subsequent incorporation of a borough, in whose territory the road lies, does not ipso facto annul the proceedings. A formal order to open, which the clerk issues as of course, upon the final confirmation of a report, is not necessary to complete the proceedings. Such facts disclose a compliance with conditions precedent contemplated by the local act of April 12, 1869, P. L. 862.

*Adoption of road by borough—Conditions precedent to damages.*

The borough authorities having recognized and adopted a road as laid out and confirmed and directed it to be opened in accordance with the report, every condition precedent to the payment of damages is fulfilled. The rule that the court of quarter sessions has not jurisdiction to lay out a road wholly within a borough has no application to a case where the road was laid out and confirmed before the borough was erected.

Argued Dec. 2, 1895.  Appeal No. 8, Nov. T., 1895, from the judgment of C. P. Delaware Co., Dec. T., 1891, No. 68, making absolute a rule to show cause why execution should not be had against County of Delaware and awarding a mandamus against commissioners thereof.  Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ.  Affirmed.

The case arose on appeal of T. L. Hibberd from award of a jury of view, No. 3 September Sessions, 1891.  On March 19, 1894, judgment was entered on a verdict in favor of the plaintiff and against the defendant for $400.

The following facts appear from the abstract of the record, showing the exact points presented for the decision of the court and the manner in which the same were presented.  On November 6, 1893, the court discharged the rule for a new trial but ordered that no execution shall issue until the road is actually opened.  On March 19, 1894, judgment was entered on the verdict.  On March 19, 1894, rule granted on township of Upper Darby, county of Delaware and borough of Lansdowne to show cause why the above matter should not be opened and execution on the judgment entered herein.  Returnable the first Monday of April 1894.  June 4, 1894, rule discharged.  On July 4, 1894, the court, CLAYTON, P. J., in discharging the rule filed the following opinion:

"This case is novel.  A jury of view laid out a public road. The plaintiff appealed from the award and obtained a verdict for $400.  The necessity for the road was doubtful, but a new trial was refused to the county upon the ground that no execution could be issued until the road was actually opened.  The act of April 12, 1869, P. L. 862, was intended for just such a case.

"Shortly afterwards there was a petition for the incorporation of the borough of Lansdowne, which, in due course, was granted. The new borough embraces all the land over which the said unopened road was laid out.  In other words, the road is entirely within the borough lines.  The borough does not seem to have yet adopted a plan of streets, and until it does it would be manifestly improper for the court to order the street or road to be opened.  The law has given to the borough full and abso-

lute jurisdiction over its streets and roads wholly within its limits.   Until the borough adopts a plan, and orders by ordinance, its streets to be opened, it would certainly be out of place for the court to interfere.   The road may never be needed, it may interfere with the proper arrangements of the system of streets.   It may be necessary to vacate it, and if it should be lawfully vacated before it is officially opened, clearly no damages can be recovered.

" Until the borough adopts a system of streets, including the one now in question, it would be wrong for the court to order this road opened; and until it is opened no damages can be paid.   Until the borough ordinance directs this road to be opened as one of the borough streets, the court must decline to interfere. In this view of the case, the rule must be discharged."

April 27, 1895, rule upon Delaware county to show cause why execution should not be issued in this case.   May 8, 1895, answer to rule filed.   June 3, 1895, rule absolute.   July 1, 1895, upon petition of plaintiff a peremptory mandamus was awarded to County of Delaware and Commissioners thereof, and on August 8 the appeal was taken.   It also appears that the borough of Lansdowne was erected out of the township of Upper Darby, the decree of corporation having been made on the 7th of June, 1893.

*Errors assigned* were, (1, 2) making absolute the rule to show cause why execution should not be issued; and in awarding a peremptory mandamus.

*George E. Darlington, E. H. Hall* with him, for appellant.— The county of Delaware has resisted this proceeding for the reason that there has not been such opening of the road as is contemplated by the road law of April 12, 1869, P. L. 862. An order to open a public road cannot issue until the term succeeding that at which the proceedings are confirmed: Road in Middle Creek, 9 Pa. 69.   After the incorporation of a borough it has power under the general borough act of 1851 to lay out and ordain roads, streets, etc.: South Chester Road, 80 Pa. 370. When a street is ordained by a borough and opened for public use it is an entirely different servitude placed upon the land from what is created by the laying out of a public road.   The

jurisdiction or control is entirely different : Railroad Co. v. Passenger Railway, 167 Pa. 62.

*L. L. Smith*, for appellee.—The appeal rests on an unwarranted interpretation of the act of April 12, 1869, P. L. 862. The judgment is valid, the decree below entirely within discretion of court and not reviewable : Dubois v. Glaub, 52 Pa. 238 ; Sloan's Case, 8 W. 194. Under act of June 13, 1836, P. L. 556, an order to the supervisors to open the road is unnecessary : Neeld's Road, 1 Pa. 353. There is no application in the case of South Chester Road, 80 Pa. 370, as the case of Somerset Road, 74 Pa. 61, negatives any inference drawn by the appellant. Where a road has been ordered by the county authorities it is unjust to throw the damages against the borough : Milton Road, 40 Pa. 300. The jurisdiction of the court having attached it is not divested by a change in the law : Anderson v. Henzey, 7 W. N. 39.

OPINION BY RICE, P. J., January 20, 1896 :

This is an appeal from the orders of the court of common pleas making absolute a rule to show cause why an execution should not issue, and awarding a mandamus. There is no irregularity apparent on face of the proceedings which would justify a reversal of these orders. The plaintiff having obtained a judgment, the validity of which is not questioned, was entitled to the fruits of it unless the county could show cause to the contrary. The single reason assigned by the county in resisting the proceeding is that there was not any such opening of the road as is contemplated by the local act of April 12, 1869, P. L. 862, which provides "that the damages to be assessed under the provisions of this act shall not be paid until the road shall be confirmed and actually opened."

The purpose of this statutory provision is manifest. Until actually opened there is a possibility that the road may be "vacated and annulled upon the petition of a majority of the original petitioners," etc.: Act of June 13, 1836, P. L. 558, section 19 ; or if opened in part only it may be vacated by proceedings under the act of May 3, 1855, P. L. 422. But what proof, which an appellate court can consider, is there that the road was not actually, i. e. physically opened prior to the incorpo-

ration of the borough? The opinion of the court below in discharging the former rule is no part of the record, and even if it were, the fact is not stated by the learned judge that the road was not physically opened. But it is argued, the road was not confirmed until March 21, 1893; it could not be legally opened until after the expiration of the succeeding June term, and as a matter of fact no order to open was issued; at the same term at which the road would have become a public highway the borough was created; therefore, as the power of the court to order the opening of the road was gone, the whole proceeding, including the assessment of damages, fell.

We are of the opinion that the argument is based upon the erroneous assumption that the road did not become a public highway and could not be legally opened prior to the June sessions and without an order of court.

It is to be observed,—and we learn this fact from the defendant's answer—that the report of viewers was filed on October 9, 1891, and the width of the road was then fixed at fifty feet. Exceptions were filed, which were dismissed and the report confirmed on March 21, 1893. It then became a public road and could be opened at any time. The 4th section of the act of June 13, 1836, P. L. 555, provides: " If the court shall approve of the report of viewers, allowing a road, they shall direct of what breadth the road so approved shall be opened. And at the next court the whole proceedings shall be entered on record and thenceforth the road shall be taken, deemed and allowed to be a lawful public road or highway," etc. The object of the law is to give the period of a vacation between term and term after the width is fixed by the court, in order to give parties interested an opportunity to file exceptions and to petition for review. Before that period has elapsed the road cannot be opened: Road in Middle Creek, 9 Pa. 69. All parties interested had the full benefit of this provision and availed themselves of it, and even if there was an omission to make a formal order approving the road, at the time the width was fixed, no one has suffered harm, and it is doubtful whether any one could now complain. " The object of a nisi approval at the first term is to give parties in interest an opportunity to apply for a review, and when at the same term they have applied for and obtained a review, it is of no importance that the qualified approval was not

entered of record:" Beigh's Road, 23 Pa. 302. But what evidence have we, or what right have we to presume, that the report was not confirmed nisi at the time the width was fixed? The order of confirmation on March 21, 1893, is without qualification, and being coupled with an order dismissing the exceptions, was in effect an absolute confirmation: (See Beigh's Road, supra; Gibson and Guy's Mill Road, 37 Pa. 255) and being unappealed from, every presumption is to be made in favor of the regularity of the proceedings. Whether regular or irregular the validity of the order cannot be brought in question here. We therefore feel warranted in saying that the road then became a lawful public road or highway which the public had a right to have opened unless it was vacated in a lawful manner, and we cannot agree that the subsequent incorporation of the borough ipso facto annulled the proceedings. A formal order to open, which the clerk issues of course upon the final confirmation of a report, is not necessary to complete the proceedings: Neeld's Road, 1 Pa. 353; Road to Ewing's Mills, 32 Pa. 282; Road Case, 3 W. & S. 559.

Whether the court of quarter sessions would have power to compel the borough authorities to open a road laid out by viewers and confirmed by the court but not actually opened before the incorporation of the borough is a question which we need not discuss. The borough authorities recognized and adopted the road thus laid out and confirmed and directed it to be opened in accordance with the report. Thus every condition precedent to the payment of the damages was fulfilled. South Chester Road, 80 Pa. 370, decides that the court of quarter sessions has not jurisdiction to lay out a road wholly within a borough, which is subject to the borough law of 1851. The decision has no application to a case where the road was laid out and confirmed before the borough was erected.

The orders are affirmed.