## In re Road in Conemaugh Township

J. Earl Ogle, for petitioner; J. A. Berkey, for respondent.

BOOSE, P. J., December 30, 1933.—This proceeding is before the court upon a rule to show cause why the report of viewers to lay out a private road across the land of the petitioner should not be dismissed and the order and decree of confirmation should not be stricken from the record. The petition for the rule, after reciting the previous proceedings, challenges the jurisdiction of the court, and alleges as reasons therefor, inter alia, the following:

"(a) The said report of viewers fails to set forth that notice was given by the viewers to your petitioner of the time and place of the view and/or of the time

and place of the hearing by the viewers for the assessment of damages suffered by your petitioner by reason of the laying out of a private road across his farm;

(b) The report of the viewers as aforesaid fails to identify the termini of the private road laid out across the lands of your petitioner, and likewise fails to recommend the width of the said private road;

(c) The said report of viewers fails to set forth the courses and distances of the private road, and does not have attached to it a plot or draft of the said private road as required by law;

(d) The report of viewers as aforesaid fails to show a necessity for the private road granted to John Maldet and Helen Maldet, husband and wife, across the lands of your petitioner;

(e) The report of the viewers aforesaid awards to the defendant the sum of $10 in full compensation for a private road of approximately 4,440 feet and of an undetermined width across the farm of your petitioner, which award of damages upon the face of the report is grossly inadequate;

(f) The order of the court on September 14, 1932, confirming the report of the viewers nisi, and the rule of court on December 14, 1932, confirming the said report of the viewers absolutely, both fail to fix the width of the private road granted across the farm of your petitioner."

A responsive answer was filed by the petitioners for the private road in question, admitting the material facts, but denying the legal conclusions alleged to result therefrom and petitioner's right to the relief prayed for. We shall consider these propositions in their order, supplemented by the recital of certain admitted record facts.

The first reason assigned in support of the petition for the rule, alleging that the report of the viewers fails to set forth that notice was given by the viewers to the landowner of the time and place of the view and of the time and place of the hearing for the assessment of damages suffered by him as the result of the laying out of the private road across his farm, cannot be sustained. The report of the viewers avers that notice of the time and place of their meeting was advertised, and that, at said meeting, they were attended by "the defendant with his wife and son" (meaning the landowner, his wife, and son). If in fact he was present at said view, which is not denied, the failure to give notice, if true, becomes wholly immaterial. The purpose of giving notice is merely to afford an opportunity to object to the proceedings, the necessity of the private road, or the amount of damages awarded. There is no merit to this reason.

The second reason raises a more serious question. This alleges that the report of the viewers fails to designate the termini of the private road or to fix the width thereof. This raises a twofold question, requiring separate consideration. Reference must again be made to the report of the viewers, which states:

"It [the private road] is an old road and well defined on the ground. Its entire length is 4440 feet. It is admitted by all parties that the last 2340 feet, beginning at a gate post on the right side of the road, has been used by the petitioner and predecessors in title so long as to entitle them to an undisputed right of way. It is the first 2050 feet, extending from the public road leading from the Johnstown Pike to Davidsville, by the buildings of the defendant, to the said locust gate post on the right side of the road, 2050 feet, of the road that is disputed."

It must be conceded that this report of the viewers fails to fix and designate the termini of the private road in question with the precision required by the provisions of the act of assembly under which this proceeding must be sustained or set aside. This is a fatal irregularity: Crescent Township Road, 18 Pa. Superior Ct. 160; Bean's Road, 35 Pa. 280; Keeling's Road, 59 Pa. 358.

The other branch of this objection, failure to designate the width of the road, might possibly be overcome by an amendment. Weaver's Road, 45 Pa. 405, is cited as authority for the proposition that the omission to fix the width of the road can be supplied by the actual width as opened, or by customary width of private roads thus opened, or in some other way, unless the parties desire to be litigious. Hunter's Private Road, 46 Pa. 250, holds that the width of the private road, although omitted in the nisi decree of confirmation, may be fixed during the same term at which the decree of confirmation was made. In the instant case, neither the report of the viewers nor the decree of confirmation fixes the width of the road. At this late date it may be seriously doubted whether there is any authority to supply this defect by amendment: In re Road in Plumcreek Township, 110 Pa. 544.

The third objection to the viewers' report is that it fails to set forth the courses and distances of the private road, and does not have a draft attached thereto. The report of the viewers does set forth the distances but not the courses of the road, nor is there any plot or draft of the road attached thereto. It is possible that the location of the road might be discerned by physical markings on the ground, but how is this to be made a record which might be called into question many years in the future, when the title to the land upon which this private road is a servitude has passed into other owners. We think this defect is fatal: Road from Warrior Run, 3 Binney 3; Rutherford's Road, 10 S. & R. 120; Lower Makefield Road, 71 Pa. 175; Columbus Township Road, 13 Dist. R. 541; Road in Clarion Borough and Clarion Township, 17 Dist. R. 853.

The fourth reason goes to the very heart of the matter. It alleges, and is confirmed by an inspection of the report of the viewers, that there has been no finding by the viewers of a necessity for the private road in question. This squarely raises the question of the jurisdiction of the court to make a decree confirming the report of the viewers, without a finding of the necessity of the road. Citation of authorities is hardly necessary to sustain this contention: In re Private Road in Plum Twp., 31 Pitts. (N. S.) 171.

In view of the conclusions already stated, it is unnecessary to consider and discuss the remaining objections and reasons urged against this proceeding. We will, however, comment upon one other fatal irregularity in this proceeding. The petition for the appointment of viewers was presented on March 14, 1932, whereupon viewers were appointed, although the same was marked filed as of August 25, 1932, probably because the advertising fees were not paid as required by rule of court. In the meantime, the next (May) term of court had intervened. The order to view, the date of which cannot be ascertained from the records, but which was evidently subsequent to the filing of the petition, distinctly commanded the viewers to make a report at the next term of court, and to annex and return a plot or draft, stating the courses and distances, etc. The report of the viewers was not returned and filed at the next (May) term of court, as required by the order to view and the Act of June 13, 1836, P. L. 551, sec. 3, but was not filed until September 14, 1932. This alone condemns the whole proceeding: Frankstown Township Road, 26 Pa. 472; Gibson and Guy's Mill Road, 37 Pa. 255; Metzler and Hugus' Road, 62 Pa. 151.

We regret the necessity of vacating this entire proceeding, but under the record facts and the law applicable thereto no other course can be followed. We concur in the recommendation of the viewers that "this contention should have been settled by the parties without the intervention of a board of viewers". If the petitioners for the private road have a right over the land of the respondent (the petitioner for the present rule) under an alleged right of way, this

question should be determined in an appropriate proceeding before resorting to the petition for the appointment of viewers to lay out a private road. After reviewing the entire proceedings, we now enter the following

### Decree

Now, December 30, 1933, the petition for the appointment of viewers, their report, the decree of confirmation nisi and absolute, and the entire proceeding is vacated and set aside.　　　From Mrs. Daryle R. Heckman, Somerset, Pa.