## Road in North Middleton Township

*Davies & Harrigan*, for petitioners.

*Merrill F. Hummel* and *Robert Lee Jacobs*, for exceptants.

REESE, P. J., January 28, 1943.—The viewers appointed by this court have filed their report, recommending the laying out of a road in Meadowbrook Park, in North Middleton Township. The supervisors of the township have filed exceptions to the report.

The report of the viewers states: "We were severally sworn, according to law, before proceeding to discharge our duties." The first exception complains that the report does not show by whom the oath was administered nor does it show that there was administered the form of oath required by section 53 of the Act of June 13, 1836, P. L. 551. We think that this exception is without merit, and that the averment of the report is sufficient. "To specify the form and quality of it [the oath] is unnecessary": Case of Greenleaf Court, 4 Whart. 514, 516.

The second exception is that "No plot or draft of the road, showing the courses and distances, is annexed to the report." This exception must be sustained. Section 3 of the Act of June 13, 1836, supra, provides: ". . . they shall also annex and return to the court a plot or draft thereof, stating the courses and distances, and noting briefly the improvements through which it

may pass . . ." The draft is essential to the validity of the report and the want of a draft is fatal to the proceeding: Lower Makefield Road, 71 Pa. 175; In re Road in Conemaugh Township, 20 D. & C. 428. It is also fatal that there is no statement of the courses and distances of the proposed road: In re Road in Dunbar Township, 12 Pa. Superior Ct. 491; In re Road in Union Townshpi, 17 Pa. C. C. 39.

The third exception points out that the report does not note the improvements through which the proposed road will pass, as required by section 3, supra. It is essential that either the draft or the report show the improvements along the line of the proposed road, and an omission to do so is fatal; see cases cited in 36 PS §1831, note 40. The third exception, therefore, must be sustained.

The fourth exception complains that the report does not locate the road with particularity, because no courses are given and distances are inaccurate, and the location of the side or boundary lines is not shown. We have already pointed out that there should have been annexed to the report a draft showing courses and distances. There seems to be no merit in the failure to show the location of the boundary lines of the proposed road. In Royersford Streets, 1 * Montgomery 32, it was held that the road should be described according to the center line, and that it is error to lay it out by a survey of the boundaries only.

The fifth exception complains that neither the report nor any draft gives the names of the owners of the various tracts of land through which the road passes. We find no statutory provision requiring the report or draft to give this information, although it is suggested that in any subsequent proceeding this information be given either in the report or the draft.

The sixth and seventh exceptions point out that neither the report nor the petition locates the termini

of the proposed road with the precision and accuracy required by the relevant statutes. The Act of April 23, 1909, P. L. 142, requires that a petition for the laying out of a public road shall fix definitely the point of beginning and the point of ending of the proposed road by giving the exact distances from an intersecting public road already opened. The Act of June 20, 1919, P. L. 509, provides that neither the petition nor the report of viewers shall be held invalid for failing to fix a terminus which is at a point other than in a public highway or is in a place of public resort, where it appears that the other terminus is in a public road. The road herein is located in a place of public resort. Nevertheless, the terminus of the road at its place of beginning should be located in the petition and in the report with the precision required by the Act of 1909, supra. Hence, the sixth and seventh exceptions must be sustained.

The eighth exception states: "The road is not necessary for public travel." The Act of 1919, supra, provides that in case one of the termini named in a report is at a place of public resort, the finding of the viewers that the road is necessary for public travel or for the use of property owners shall be subject to the approval of the court of quarter sessions, which may confirm or set aside the said finding. The report in the present proceeding is the second which has recommended the road in question. Under the circumstances, we will not set aside the finding as to the necessity of the road, and hence must dismiss the eighth exception.

We regret the necessity of vacating this entire proceeding but, upon the record before us and the law applicable thereto, no other course can be followed. It is the feeling of the court that the petitioners herein are entitled to the proposed road, and we strongly suggest such coöperation on the part of the petitioners and the township supervisors as will provide a suitable road at an early date.

And now, January 28, 1943, the second, third, fourth, sixth, and seventh exceptions to the report of viewers herein are sustained, and the petition for the appointment of viewers, their report, decree of confirmation nisi, and the entire proceeding are hereby vacated and set aside.