## Hellertown Road.

A re-review of a road can only be ordered on a petition presented to the court for that purpose, as the expenses of re-reviews must be borne by the petitioners.

The objection that a re-review was granted whilst previous proceedings were pending and undetermined, should be taken in the court below; if omitted there, it cannot be taken on a *certiorari* to the Supreme Court.

A re-review need only be of the ground between two certain points; it need not be of the whole route before reviewed.

Reviewers are restricted to the space between certain points; and it is error to begin the road at a different point.

THIS was a *certiorari* to the Court of Quarter Sessions of *Northampton* county, in the matter of the road leading from the Hellertown Road at Thomas Richards' lane to the new road leading from South Easton to Freeman's Bridge in Williams township.

At January sessions 1839, the petition of sundry inhabitants of Williams township was presented, setting forth that they laboured under great inconvenience for want of a road or highway, " to lead from the old road leading from Easton to Hellertown at Thomas Richards' lane, and to end at or where it intersects the new road leading from South Easton to Freeman's Bridge, below or near Thomas Richards' dwelling-house." Viewers were appointed on this petition, who at the April sessions 1839, on the order to them issued, reported a road in accordance with the prayer of the petitioners. At the same April sessions, a petition for a review was presented, and reviewers appointed, who at August sessions reported a road differing from that laid out by the viewers. To this report exceptions were filed, and at November sessions 1839, their report was set aside by the court for irregularity. At November sessions 1839, a second petition for a review of said road was presented, and reviewers again appointed, who on the order to them granted returnable at January session 1840, reported a road differing entirely from that laid out by the original viewers. To this report exceptions were filed at the same sessions, and at April sessions 1840, the exceptions were dismissed by the court, and a petition for a re-review was then presented, and the re-reviewers appointed. At August sessions 1840, the said re-reviewers reported a road corresponding very nearly with that returned by the original viewers. To this report at the same sessions exceptions were filed, and a number of depositions on both sides were submitted to the court, in relation to the said exceptions. At November sessions 1840, the court heard the argument on these exceptions, and without making any decision either as to the exceptions or the report of the re-reviewers, appointed another

[Hellertown Road.]

set of re-reviewers to whom an order was issued reciting the original petition filed at January sessions 1839, as above given, and then proceeding " on which said petition such proceedings were had at April sessions 1839, August sessions 1839, November sessions 1839, January sessions 1840, and November sessions 1840, that in the said November sessions 1840, to wit: the 27th November 1840, an *alias* re-review is granted by the said court." On this order, at January sessions 1841, the said re-reviewers reported a road beginning at the old road leading from Easton to Hellertown, below Richards' lane; thence through the improved lands of Thomas Richards, north $1\frac{3}{4}$ degrees, west 25 perches to Richards' lane; thence by the same and through his improved lands, north $35\frac{1}{2}$ degrees, west 31 perches, north $42\frac{3}{4}$ degrees, west 12 perches, and north $23\frac{1}{4}$ degrees, west $25\frac{3}{4}$ perches, from the road leading from South Easton to Freeman's Bridge.

To this report at April sessions 1841, exceptions were filed; and at November sessions 1841, the exceptions were dismissed and the report approved, and the road ordered to be recorded and opened: and thereupon Thomas Richards sued out this *certiorari*.

Errors assigned:

1. The *alias* order to re-reviewers, issued on a petition filed more than two years before the order was issued, and upon which petition an order had been before issued, and the proceedings consequent thereupon were then pending and undisposed of.

2. The order to re-review said road was still in force, and should have been disposed of before the *alias* order could have been lawfully issued.

3. The order contains no description of the route formerly reported, of which this purports to be an *alias* re-review, and does not order a review of said routes, nor do the viewers report that they have viewed the same.

4. The order directs a view of a road beginning at Thomas Richards' lane, and to end where that lane intersects the new road, &c. And the road reported does not conform thereto.

The case was argued by

*Hepburn*, for the complainant.
*Ihrie*, contra.

The opinion of the Court was delivered by

ROGERS, J.—The objection, that there was no petition on which to found the *alias* re-review, is fatal. A review is a matter of right, and is had at the expense of the county; but when a re-review is had, it is at the expense of the petitioner; and hence the necessity of a petitioner, in order that the court may know on whom to throw the costs. That the costs have been paid, is no answer, for the court only has jurisdiction on petition. The 25th section of the Act of 16th June 1836, directs that in all cases of

[Hellertown Road.]

views for any purpose mentioned in the Act, the respective courts shall, on *petition* of any person interested, direct a second view or review for the same purpose. And by the same Act, section 60, reviewers and viewers, upon a third or any subsequent view, shall be entitled each to receive the like compensation from the *persons at whose instance they were appointed*, for every day by them necessarily employed in that service." Now this may not be easily known, unless a petition for a third or any subsequent review is required. The court cannot resort to the original petitioners for this purpose, as it may be they are not the persons who require the re-review.

It is said there were exceptions to the previous proceedings, and that these should have been disposed of before issuing the order. And regularly this should have been done; and had the objection been taken in the court below, it would have been fatal, if true in fact. But, having omitted to do so in the court where the truth would have been found, all irregularity is waived. *Case of Allentown Road*, (5 *Whart.* 445).

There is nothing in the third exception. The object is to review the ground between two certain points, and of course the order is general and directed to those points. The presumption is, that in performing that duty they will view the ground over which the road had been laid out by the former viewers. *Case of Spear's Road*, (4 *Binn.* 177).

The last error is also fatal. The order directs a view of a road beginning at Thomas Richards' lane, and to end where that lane intersects the new road. The report does not conform in these particulars to the order, but begins at a different place. That viewers are restricted to the space within specified points, is ruled in *West Chester Road Case*, (2 *Rawle* 422) and in other cases.

Proceedings reversed.