# Road in Lower Merion.

1. The termini of a projected road are its designation and only means of identification.

2. The Supreme Court will quash a certiorari which does not state the beginning and ending of the road.

3. If an intermediate point be prayed for in a petition for a view, viewers will be refused, or if appointed, the report will be quashed.

4. The court cannot designate an intermediate point in the order.

5. If viewers do not describe the termini in their report it is fatal.

6. Termini are the initials which describe the proceeding and limit the authority delegated by the court to the viewers.

7. Reviewers are not restricted to the adoption or rejection of the former report. They may substitute a new route for a part rejected, but must preserve the beginning and ending substantially.

8. Abington Road, 14 S. & R. 31, remarked on.

January 21st 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Montgomery county* : No. 52, to January Term 1868.

On the 28th of May 1866, viewers were appointed on a peti-

[Road in Lower Merion.]

tion for a road, "to begin at the point of intersection of two public roads known respectively as Gray's Lane and Anderson's Lane, and to end in the old Lancaster road at a point between the corners of lands of Lewis Warner and William G. Lesher, and the private lane on land of the late Dr. Joseph Anderson."

On the 22d of August, the viewers reported laying out the road prayed for, which was confirmed nisi on the same day.

On the 12th of November a petition was presented, setting forth, "that the said proposed road is uncalled for, and would be useless, &c., unless the latter part of the route be changed and and extended so as to terminate at the Lancaster turnpike, at a point in the dividing line between the lands of the Athens Hall and Library Association, and of Horatio G. Litzenberg, and praying for reviewers, with authority to change and extend the route to said turnpike." Reviewers were appointed who reported a road as laid out by the viewers, and extending it to the Lancaster turnpike as prayed for in the petition for review. This report was confirmed nisi March 1st 1867.

Exceptions were filed to this report, which were in substance, that the court had no authority to grant an order on the petition for review, and that the reviewers had no authority to extend the road beyond the termini in the petition for a view.

The Court of Quarter Sessions set aside the report of the reviewers.

The proceedings were removed to the Supreme Court by certiorari at the instance of Joseph W. Anderson, who assigned for error the setting aside of the report.

*D. H. Mulvany*, for plaintiff in error, cited Road in Abington, 14 S. & R. 31; Road Law, June 13th 1836, § 1, 25, Pamph. L. 555, 559, Purd. 871, 879, pl. 1, 80.

*G. R. Fox*, contrà, cited West Chester Road, 2 Rawle 421; Hellertown Road, 5 W. & S. 202; Road Law and Abington Road, *supra.*

The opinion of the court was delivered, January 28th 1868, by

AGNEW, J.—The termini of a projected road are its designation and only means of identification. It is by these points it is docketed and indexed. This court will quash a certiorari that does not state the beginning and ending of the road: Road in West Nantmeal Township, 4 Yeates 433. The termini furnish the only means of tracing the record, and thus become important to the titles of land affected by the road laid out over them. The petition for the view lies at the foundation of all the subsequent proceedings, and can do no more than to state the beginning and ending. If an intermediate point be prayed for, viewers will be

[Road in Lower Merion.]

refused, and if by oversight they be appointed the report will be quashed. This is the uniform practice, and the reason is that the law requires the viewers to lay out the road, having respect to the shortest distance and the best ground for a road, and in such manner as to do the least injury to private property. Sect. 2, Act 13th June 1836. Even the court cannot designate an intermediate point in the order: McConnell's Mill Road, 8 Casey 285; Road from Hern's Mill, 14 S. & R. 204. And if the viewers fail to describe the termini of the road as viewed and located it is fatal: Bean's Road, 11 Casey 280; See also Road in Lower Salford, 1 Casey 524. The importance of the termini is thus seen. They are the initials which describe the proceeding, and limit the authority delegated by the court in its order to the viewers. To go beyond them is to exceed the authority. When once the viewers cut loose from the order and go outside of it, the whole identity of the proceeding is lost. If they can go beyond one terminus they may disregard the other. If they can extend the view to a different outlet, they may with the same propriety diverge laterally to the same distance, and the project of the petitioners may be wholly lost sight of. Thus the viewers, the reviewers, and the re-reviewers might each run from and to different points, and none of them be those fixed in the petition. Such a course would lead to indescribable confusion. The case of the Abington Road, 14 S. & R. 31, is imperfectly reported, and it is by no means clear that the precise question was there decided. There is no doubt, as the court held, that the reviewers are not restricted to the adoption or rejection of the former report. It may be necessary to change only certain parts, and the reviewers may adopt a part, and substitute a new route for the part rejected, but they must preserve the beginning and ending substantially. But the later case of the Hellertown Road, 5 W. & S. 202, is directly upon the question, and decides that the reviewers cannot begin at a different point. The court below was right in quashing the report of the reviewers.

Proceedings affimed at the costs of the complainant.