# Keeling's Road.

1. Statutes *in pari materiâ* are to be construed together.
2. The Act of April 16th 1838, § 19 (Under Surface Private Roads), is to be regarded as a section of the General Road Law.
3. The definite points where a road, public or private, shall begin or end, should be set out with reasonable certainty. Unless it so appear on the face of the proceedings, the order for opening the road cannot be sustained.
4. In proceedings for a private road, it did not appear that the beginning was in a highway, or in a private way leading to a highway. *Held,* that they could not be sustained.
5. Whether a private road can be laid out to private railway, although such railway leads to a highway, *dubitatur*.
6. A private road is a wagon or cart road, and cannot be converted into a lateral railroad, by putting a railroad track on it when opened.
7. The restrictions of the Lateral Railroad Act upon the exercise of the power of taking private property for public use, cannot be evaded by converting a private road into a lateral railroad.

[Keeling's Road.]

November 4th 1868.　Before Thompson, C. J., Agnew, Shars-wood and Williams, JJ.　Read, J., absent.

Certiorari to the Court of Quarter Sessions of *Allegheny county*: No. 31, to October and November Term 1868.

On the 17th of August 1867, Joseph Keeling presented a petition to the Court of Quarter Sessions, setting forth that he "labors under great inconvenience for want of a private road under ground to certain coal-mines owned by him in Lower St. Clair township: beginning at the present southerly end of the Ormsby Coal Railroad, on line of land of Margaret Giffin, in said township; thence under the surface of said Margaret Giffin's land to the said coal-mines of your petitioner, being immediately under the line separating said Giffin's surface land from surface land of William Noble's devisees, at a point distant from Mount Oliver tract, 61 perches by a line S. 25° W.;" and prayed the court "to appoint proper persons to view and lay out said private road according to law." The court appointed viewers in accordance with the prayer of the petitioner. The viewers reported, "that the desired road is necessary, and that we have viewed and laid out, and do return for private use, the following road, viz.: beginning under the surface at the southerly end of the Ormsby Coal Railroad, in Lower St. Clair township, on line of land of Margaret Giffin; thence　*　*　under the surface of said Margaret Giffin's land through the coal seam　*　*　to the coal or coal-mines of the petitioner, Joseph Keeling, being a point immediately under the line separating said Giffin's land from surface line of William Noble's devisees, as by reference to the draft hereto annexed will more fully appear." They further assessed damages for Margaret Giffin at $581.31.

The report was approved September 4th 1867, and the width of the road fixed at 25 feet. On the 18th of September Mrs. Giffin filed exceptions to the report, amongst others the following:—

1. The proceedings are illegal in this, that said contemplated road does not extend to or connect with any such private road, or other place as is required by law.

2. That the Lateral Railroad Law, as now in force in Pennsylvania, in spirit and in substance, has repealed and annulled the law under which said proceedings are attempted to be carried through.

8. That the Act of Assembly under which the proceedings were had is to be taken as part of the Lateral Railroad Law, or the same is unconstitutional.

The proceedings were under the Act of April 16th 1838, § 16, Pamph. L. 642, Purd. 873, pl. 20, which provides that Courts of Quarter Sessions may, "upon application of any person or persons for a private road under the surface of any land to coal-

mines, cause a view to be had of the same premises; and upon return of viewers that the said road is necessary, then the said court shall cause the same to be entered of record; thenceforth such road shall be deemed and taken to be a lawful private road, shall be opened by the persons making the application, and kept in repair at their exclusive cost: Provided, That the viewers shall assess the amount of damages sustained by the owner or owners of lands through which the road shall be made, and embody the same in their report, which damages * * shall be paid by the person or persons making application for such roads."

On the 4th of January 1868, the court overruled the exceptions and confirmed the report absolutely.

Margaret Giffin removed the proceedings into the Supreme Court by certiorari, and assigned for error, the overruling her exceptions and confirming the viewers' report.

*R. Woods*, for plaintiff in error, cited the Act of 1838, *supra ;* Neeld's Road, 1 Barr 354; Harvey *v.* Thomas, 10 Watts 63; Harvey *v.* Loyd, 3 Barr 331; Norman *v.* Heist, 5 W. & S. 172; Norris *v.* Clymer, 2 Barr 279; Shoenberger *v.* Mulhollan, 8 Id. 146.

*H. Burgwin*, for defendant in error, cited the Act of 1838; Neeld's Road, *supra ;* Act of April 22d 1857, Pamph. L. 296.

The opinion of the court was delivered, November 16th 1868, by

SHARSWOOD, J.—It is an old and well-settled canon of construction that statutes in *pari materiâ* are to be construed together. It was accordingly held in the case of Neeld's Road, 1 Barr 353, that the Act of April 16th 1838, § 19, Pamph. L. 642, providing for the laying out of private roads "under the surface of any land" to coal-mines, is to be regarded "as if it were a section in the General Road Law." The act by itself, as is said by the court in that case, is very crude and imperfect, and it could not be carried into effect without applying the provisions of the Act of June 13th 1836, Pamph. L. 556, to the proceedings under it. The petition for a private road under the Act of 1836, must be for a road from the respective dwellings or plantations of the petitioner or petitioners "to a highway or place of necessary public resort, or to any private way leading to a highway." The definite points where a road, whether public or private, shall begin and end, ought to be set out with reasonable certainty. Unless it appears on the face of the proceedings that the provisions of the law in this respect are substantially complied with, the order for opening the road cannot be sustained. Both in the petition in this case and in the report of the viewers, the road in question is described as "beginning at the southerly end of the

[Keeling's Road.]

Ormsby Coal Railroad, and thence to the coal or coal-mines of the petitioner." It does not appear affirmatively, as it ought, whether the Ormsby Coal Railroad is "a highway," or, if it is a private way, whether it leads to a highway. Indeed, it may be questioned whether a private road can be laid out to a private railway, even though such railway does lead to a public highway. There would be a want of that connection which the law evidently contemplates. A private road is a wagon or cart road, and cannot be converted into a lateral railroad by putting down a railway track upon it when opened. Lateral railroads are provided for under the Act of May 5th 1832, Pamph. L. 501, and the salutary restrictions laid by that act upon the exercise of the power of taking private property for what is in a great measure a private use, cannot be evaded or avoided by converting a private road into a lateral railroad.

We think, therefore, that the road, as proposed to be laid out by the petition, the report of the viewers and the order of the court thereon in this case, was not such a road as was authorized by the Act of April 16th 1838.

Order of the court reversed and proceedings quashed.