## ROAD IN UPPER YODER TOWNSHIP.

APPEAL BY EXCEPTANTS FROM THE COURT OF QUARTER SESSIONS OF CAMBRIA COUNTY.

Argued October 16, 1889—Decided October 28, 1889.

1. "The expense of views of private roads, and the expense of any review, or of any view subsequent to a review, of a private or public road, shall be wholly paid by the persons applying for the same:" Section 54, act of June 13, 1836, P. L. 563.
2. Wherefore, the Court of Quarter Sessions has no power of its own motion to appoint reviewers or re-reviewers of a proposed road, and such appointment may be made only upon a petition presented for that purpose.
3. It is the duty of the court itself to select and appoint competent, disinterested and impartial men to serve as viewers, reviewers, etc., and not to permit them to be suggested by the petitioners or parties interested: per Mr. Justice STERRETT.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 130 October Term 1889, Sup. Ct.; court below, number and term not given.

On September 6, 1886, citizens of Upper Yoder township presented a petition for the appointment of viewers to lay out a public road. On March 7th, the viewers reported in favor of a road, and on April 7th, their report was confirmed nisi, and the width of the road fixed. On June 6th, reviewers were appointed on petition filed, and on September 5th, the reviewers filed a report against the road. To this report the petitioners for the road filed certain exceptions.

The exceptions to the report of the reviewers were argued

on January 3, 1888, and on February 6, the court, JOHNSON, P. J., filed the following opinion:

The general act of assembly, known as the Road Law, passed June 30, 1836, has been repealed as to the number of viewers by act of March 12, 1873, P. L. 258. This changes the number of viewers from six to three, and makes the same viewers assessors of damages.

In Cambria county the viewers, both under the old and new law, have been appointed ex parte on the suggestion of the petitioners. The viewers, in nearly all cases, report favorably, and, in a majority of cases, the road is laid out and opened without objections. In case of objections, a remonstrance is sometimes filed, but the more usual course is a petition for a review. This is also ex parte, and the reviewers are usually either in favor of another route or opposed to the road generally. These respective reports come before the court, and it is for the court to pass upon their respective merits. This is a very difficult matter in many cases, and frequently the court orders a third view, or re-review, to decide the question.

We are averse to passing upon the present case finally without further information. It is quite apparent to the court that the petitioners need a road. The length of the road, nearly three miles, would be too onerous to impose upon those needing it for a private road. This, to us, is equally apparent. But the report of the viewers, from what appears before us, has located a road, the expense of opening which would be greater, perhaps, than the township should bear. But in the review, it occurs to us, the viewers did not seek so much to return a better or cheaper route, as to condemn any road between the points named. They should have endeavored to lay out a road on better ground and less expensive than that laid out by the original viewers, and then, if their best judgment so required, they might have reported against both locations. And then it has been suggested that a very small portion of the road tax of the township is paid in the portion of Upper Yoder township traversed by the proposed road. This argument is entitled to but little weight. The thinly settled and poorer portion of a township must have the necessary roads and schools, the same as the more thickly settled and wealthy

portions. The roads themselves will enhance the value of the property, and thus increase the taxes.

We shall, under the circumstances of this case, appoint a third set of viewers, non-residents of the township, who shall view the ground between the points named in the petition and return; adopt a new route if better and cheaper, allowing damages to parties through whose cleared land the same shall pass, and if, in their opinion, no road is necessary, to report that fact to the court.

The court thereupon appointed re-reviewers, who on April 2, 1888, filed a report in favor of the road, which report on the same day was confirmed nisi and width fixed.

On May 7, 1888, exceptions were filed to the report of the re-reviewers, inter alia, as follows:

1. The re-reviewers were not appointed upon the petition of any citizens or residents of the township, and their appointment was irregular.

The exceptions having been argued, on May 6, 1889, they were overruled and the report of the re-reviewers confirmed. Thereupon the exceptants took this appeal, assigning as error the overruling of the said exception.

*Mr. Chal. L. Dick,* for the appellants.
Counsel cited: Hellertown Road, 5 W. & S. 202.

There was no appearance for the appellees.

OPINION, MR. JUSTICE STERRETT:

Viewers, appointed by the court on petition of sundry inhabitants of Upper Yoder township, reported in favor of a public road between the points named in the petition, to which report exceptions were filed. On petition of sundry other inhabitants of the township, reviewers were appointed, who reported that the proposed road was unnecessary, and to their report exceptions were also filed. When the court came to consider these reports and exceptions thereto, the learned president said, in his opinion, that he was "averse to passing on the case finally without further information." He thereupon, of his own motion and without being petitioned to do so, ap-

pointed re-reviewers, who reported in favor of a public road located on different ground. That report was approved and the width of road fixed at thirty feet, and was afterwards confirmed.

The assignments of error challenge the right of the court thus, of its own motion, to appoint the re-reviewers and afterwards approve and confirm their report. The contention is that the court had no jurisdiction to do so, and hence the proceedings were coram non judice and void.

This position is well taken. A petition was necessary to give the court jurisdiction in the premises. The proceedings in road cases being statutory, the provisions of the law should be followed. The first section of the act of June 13, 1836, declares that the Court of Quarter Sessions, on being petitioned to grant a view for a road, shall have the power to appoint viewers, etc.

Subsequent sections of the act contemplate the appointment of reviewers and re-reviewers, only on the petition of some one interested in the proposed road. The fifty-fourth section of the act further provides " that the expense of views of private roads, and the expense of any review or of any view subsequent to a review, of a public or private road, shall be borne wholly by the persons applying for the same : " Act of June 13, 1836, P. L. 563. If reviewers or re-reviewers are appointed without being petitioned for, how is the court to dispose of the costs ? In Hellertown Road, 5 W. & S. 202, it was said the objection that there was no petition on which to found the re-review is fatal; that a petition is necessary " in order that the court may know on whom to throw the costs. That the costs have been paid is no answer, for the court has jurisdiction only on petition."

The reason suggested by the learned judge for appointing the re-reviewers, on his own motion, discloses a practice that would be more honored in the breach than in the observance thereof. He says : " In Cambria county the viewers, both under the old and the new law, have been appointed ex parte on the suggestion of the petitioners. The viewers in nearly all road cases report favorably, and in a majority of cases the road is laid out and opened without objections. In case of objections, a remonstrance is sometimes filed, but the more usual course is a peti-

tion for a review. That is also ex parte, and the reviewers are usually in favor of another route or opposed to the road generally."

The practice is obviously a bad one, and cannot be abandoned too soon. It is the duty of the court itself to select and appoint competent, disinterested, and impartial men to serve as viewers, reviewers, etc. If the petitioners are permitted to select them, it may be safely assumed, as a general rule, that they will suggest persons whose views are likely to be in harmony with their own wishes, and the result will generally be a report favorable to the petitioners.

> The several specifications of error are sustained, and the order of court appointing the re-reviewers, together with all subsequent proceedings, is reversed and set aside; and the record is remitted for further proceedings according to law.