## In re Private Road of Absalom Rearick in Cowanshannock Township.    Appeal of William Shetler.

*Road law—Appellate jurisdiction confined to record.*

The law is well settled in road cases, that if the court has jurisdiction and the proceedings are regular on their face the appellate court is not entitled to look beyond the record; it cannot consider exceptions which raise only questions of fact.    Montgomery County's Appeal, 147 Pa. 640; Keller's Private Road, 154 Pa. 547, followed.

Argued May 13, 1898.    Appeal, No. 200, April T., 1898, by William Shetler, from decree of Q. S. Armstrong Co., June

Sess. 1897, No. 22, dismissing exceptions to the report of viewers.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Exceptions to viewers' report.    Before RAYBURN, P. J.

The petition of Absalom Rearick was filed for the appointment of viewers to view and lay out a private road from his dwelling house in Cowanshannock township to a point in the public road leading from Blanco to Kittanning at or near the line between the lands of A. W. Beer and William Shetler. Viewers were appointed who filed a report laying out the road as prayed for.   The report of viewers was confirmed nisi, and the width of the road fixed at twenty feet.

Exceptions were filed to the report of the viewers which were dismissed by the court below in the following opinion:

The first exception is: "The description of the proposed private road as contained in the report of viewers is uncertain and indefinite, in that it does not show that the road as laid out by the viewers lies or is situated in Cowanshannock township, or in the county of Armstrong."   This exception cannot be sustained, as the petition which sets these proceedings in motion contains a distinct averment of the location of the proposed road, not only as to its termini but also as to the county and township wherein it is situated, and the order issued to the viewers appointed pursuant to the prayer of the said petition, follows explicitly the averments of the petition, and the report made by the viewers contains a statement as follows: "The undersigned viewers appointed by your honorable court to view and lay out a private road on land from the dwelling house of Absalom Rearick in the township of Cowanshannock, said county, to a point in public road leading from Blanco to Kittanning at a point on line of lands of William Shetler and A. W. Beer, would respectfully make the following report." This with the termini and courses and distances mentioned in the body of the report, clearly designates the site of the road as possibly could be done without repetition or redundancy.

The second exception is: "The report of viewers is fatally defective, because it does not show that the proposed private road as laid out by them, leads from a public highway to either

the dwelling house of the petitioner or to his plantation."
An inspection of the report shows that the proposed road as
laid out leads from the land of Absalom Rearick, which is a
term synonymous with "plantation," to a point on the public
road leading from Blanco to Kittanning, and is a compliance
with the prayer of the petition as to the termini of the proposed
road, and this exception must be dismissed.

The third exception is: "The description of the termini of
the proposed road is void for uncertainty." The description
of the road as laid out is, "Beginning on the line of lands of
William Shetler and Absalom Rearick, thence along said line
north $70\frac{3}{4}$ degrees, east 111 feet to corner of land of Absalom
Rearick, thence by same bearing along line of lands of William
Shetler and A. W. Beer 739 feet to a point on the public road
leading from Blanco to Kittanning. The said property line
being made the center line of said road." Now, the line of
the lands of these persons is certainly defined, and the courses
and distances as returned by the viewers, which is to be the
route and length of the road, is certainly sufficiently accurate
that the termini of this road can be ascertained without any
uncertainty. The exception is therefore dismissed.

The fourth exception is: "The report of viewers shows
that the road proposed by them is laid partially upon and over
another private road belonging jointly to this exceptant and
A. W. Beer. There is, therefore, no authority in law permit-
ting the viewers to condemn this private road and give it to
another." The report does not show that the road is laid out
upon another private road strictly so-called, as there is not
anything to show that it was ever laid out by order of court;
it is but a private lane used by Beer and Shetler consenta-
bly to get back to their fields, and so far as we know, could
be closed by either upon their several properties at any time.
It is but a portion of each of their farms used by them as a
matter of convenience, and which they have a perfect right to
do; but the act of assembly provides a means by which a per-
son or persons can obtain a private way when a necessity for
the same exists. The viewers by their report say such neces-
sity does exist, and it is not condemning the private road of
one and giving it to another. Were the principle contended
for in this exception correct, all a property owner would have

to do when notice was given of a view to lay out a private road, would be for him to open up a private road or lane over the proposed road, and thus defeat the petitioner in his proceedings. The owner of the property has the right to pass over it when and where he pleases, whether it is by a lane or through his fields, and certainly this right would not defeat the purpose of the act of assembly, relative to the obtaining of private roads when a necessity for them exists.

The fifth exception cannot be sustained. The road must be kept in repair by the person to whom it is granted, or all those using it, and we cannot see any merit in this exception. As to the use of the bridge, Rearick will have to keep it in repair; or, if it is used by both him and Shetler, they will have to be at the joint expense of keeping it up.

The sixth exception has been disposed of in our answer to the fifth.

The seventh exception is: "We have nothing to do with the amount of damages; we can neither reduce nor increase. The law gives to Shetler an appeal if he is aggrieved by the amount of damages awarded by the viewers."

As to the eighth exception, we are not informed as to the statements therein contained, and it must be dismissed.

*Errors assigned* were to the dismissal of plaintiff's exceptions which are sufficiently indicated in the opinion of the court below.

*J. H. McCain*, of *McCain & Christy*, for appellant.—This description is fatally defective in the light of the authorities. From the report it does not appear affirmatively, as it should, that the road begins at the dwelling of the petitioner or at his farm or plantation: Keeling's Road, 59 Pa. 358.

We are aware of the fact that, under the authority of Keller's Private Road, 154 Pa. 547, this court will consider only the record. But we contend that an inspection of the record in this case shows such defects that the final decree of the court below should be reversed.

*W. D. Patton*, for appellee.—In an appeal from the quarter sessions in a road case, the jurisdiction of the court and the

regularity of the proceedings are the only questions to be determined: Hamilton Street, 148 Pa. 640.

OPINION BY ORLADY, J., July 29, 1898:

The law is well settled in road cases, that if the court has jurisdiction and the proceedings are regular on their face, we are not entitled to look beyond the record ; we cannot consider exceptions which raise only questions of fact: Montgomery County's Appeal, 148 Pa. 640 ; Keller's Private Road, 154 Pa. 547.

The proceedings in this case are regular, and inspection of the record fails to disclose any defect which would warrant a reversal.

It is true that the petition is for a private road from the dwelling house of the petitioner, and the draft of the surveyor as well as the report of viewers shows that the road extends 111 feet beyond the property line of the petitioner, but this does not contradict the description of the terminus as set out in the petition and order of view. The curtilage of the dwelling house is not defined, and it is only required that the definite points where a road, whether public or private, begins and ends, ought to be set out with reasonable certainty : Keeling's Road, 59 Pa. 358. By the report of viewers in this case there cannot be any doubt as to the location of the road between the termini which are defined with certainty, or as stated by the learned judge in confirming the report, "clearly designates the site of the road as possibly could be done without repetition or redundancy."

The order of the court is affirmed.