# Stowe Township Road.

*Road law—Rereview—Costs.*

Where an order for a rereview is not made by the court of its own motion but upon a petition of inhabitants and taxpayers, the imposition of the expense of the rereview upon the petitioners is proper.

Where a petition for a rereview is not in the alternative, and the petitioners do not desire a rereview after the disposition of the exceptions to the view, they should withdraw their petition, or take some action indicating their wish to do so. Failing in this the costs are properly imposed upon them.

A general rule of court requiring viewers to report whether in their opinion the damages ought to be paid by the petitioners or the county involves no surrender of the power conferred on the court by the Act of February 24, 1845, P. L. 52, sec. 4. A report that in the opinion of the viewers the damages should be paid by the county is not binding on the court, but the approval of the report conclusively implies that the court has performed the duty imposed upon it by the act of 1845.

*Road law—Width of road—Viewers—Rereviewers.*

It is not within the jurisdiction of the rereviewers to fix the width of a road, but where viewers have recommended a certain width and this was the width fixed by the court when it confirmed the report nisi, and the rereviewers report and recommend "the same road, with its courses and distances as reported by the viewers in this case," the omission to attach a copy of the plan reported by the viewers to the report of the rereviewers is not a fatal defect.

*Road law—Viewers—Duties of surveyor—Opening road.*

Possibly the court of quarter sessions may in its discretion refuse confirmation of a report of viewers when it does not affirmatively appear that the provisions of the Act of April 26, 1850, P. L. 595, relative to the duties of surveyors, have been strictly followed, but where the report contains all that is required by the act of 1836, and is so full and precise as to enable the supervisors to locate and open the road with absolute certainty, it will be held sufficient on appeal.

*Road law—Certiorari—Record.*

A certiorari in a road case brings up nothing but the record, and if there is nothing in the record to impeach the finding of the rereviewers, which is in accord with the reports of the viewers and the reviewers as to the necessity for a road, the appellate court cannot pass upon the question of such a necessity.

Argued April 18, 1902. Appeal, No. 44, April T., 1902, by David K. Clever, from various orders of Q. S. Allegheny Co.,

Sept. T., 1899, No. 1, in In re Petition for a Public Road in Stowe Township. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition by taxpayers for a rereview of a public road.

*Errors assigned* were as follows :

1. The court erred in dismissing appellant's exceptions in the following order : " And now, to wit: July 18, 1901, the exceptions to the report of the rereviewers herein are dismissed, and the report confirmed absolutely, and it is further ordered that the costs of the rereview be paid by petitioners for same."

2. The court erred in placing the costs of the rereview upon petitioners for same in said order of July 18, 1901, for the reason that the rereview was asked for by them only, as stated in counsel's brief, to wit: " in case the court should find one of the views to be regular and the other to be irregular," which contingency did not arise.

3. The court erred in its order of December 1, 1900, in ordering a rereview, to wit: " And now, December 1, 1900, the court having adjourned by reason of the death of Judge SLAGLE during the first six days of the term, and the within petition having been promptly presented to the court after said adjournment, and it further now appearing to the court, upon argument of the exceptions to the view herein, that no notice of said view was given to the supervisors, a rereview is now granted herein with like effect as if the same had been granted within the first six days of the term, as herein prayed for, and Robert C. Mulhattan, Henry B. Miller and W. J. McEwen are appointed rereviewers to rereview the proposed road and make report of their proceedings to the next term of the court," as it was done on the court's own motion, without the knowledge or consent of petitioners for rereview, but adversely to their interests.

4. The court erred in its order of December 1, 1900, for a rereview in making it returnable to December term, 1900, and at the same time, in order of December 1, 1900, to wit: " And now, December 1, 1900, on motion the time for making the report of the rereviewers is hereby extended to March sessions, 1901," extending it to March term, 1901, without the knowl-

edge or consent of petitioners for rereview, for the reason that it made it returnable to all intents and purposes at the next term, after the next term, contrary to the Act of Assembly of June 13, 1836, P. L. 555, sec. 1.

5. The report of the rereviewers that "all the foregoing damages to be paid by Allegheny county," following and obeying Rule 14 of the court of quarter sessions below, to wit: "In all cases where damages are assessed, viewers should report whether in their opinion they ought to be paid by petitioners or by the county," was irregular, for the reason that said rule is illegal and the report not conformable to the Act of Assembly of February 24, 1845, P. L. 52, section 4, of the same, making it the duty of said court alone to determine the question of who should pay the damages.

6. The report of the rereviewers in proceeding to lay out a new road between the termini, leaving stand without vacation the old road, about the same in length, against which nothing is alleged, and practically parallel to the proposed road, as shown on the plan, without disclosing any necessity for the proposed road, is irregular, defective and not conformable to the Act of Assembly of June 13, 1836, P. L. 555, for the reason that it is an attempt to make a new road, parallel with an old road, without vacating the old road, and without necessity for the proposed new road.

7. The report is irregular, for the reason that its conclusions are based upon the meetings of January 15, 1901, and February 14, 1901, excluding from consideration an important meeting of February 20, 1901.

8. The report of the rereviewers is irregular, because it shows the survey of the viewers adopted by the rereviewers to have been run by the magnetic bearings, and not by the true meridian required by section 2 of the Act of Assembly of April 26, 1850, P. L. 595, and Act of Assembly of June 13, 1836, P. L. 555.

9. The report of the rereviewers is irregular, because it does not give the width of the road, nor the amount of land of appellant taken, as a basis for the award of damages.

10. The report of the rereviewers is irregular, for the reason that while the view was a nullity, under the Act of May 2, 1889, P. L. 176, yet no plan nor survey is returned by the rereviewers.

404, (1902).]   Assignment of Error—Opinion of the Court.

11. The court did not by special act, examine, determine and direct who should pay the damages, as required by the Act of February 24, 1845, P. L. 52, sec. 4.

*Robert F. Clever*, for appellant, cited: Blakely Road, 2 Lack. Jur. 313 ; Ross Twp. Road, 36 Pa. 87 ; Friendsville & Middletown Road, 16 Pa. C. C. Rep. 172 ; Herrick Road, 16 Pa. Superior Ct. 579 ; Franklin Twp. Road, 16 Pa. C. C. Rep. 276.

*Noah W. Shafer*, for appellee, cited: Bensalem Twp. Road, 38 Pa. 368.

OPINION BY RICE, P. J., May 22, 1902:

The order for a rereview was not made by the court of its own motion but upon a petition of inhabitants and taxpayers, amongst whom was this appellant.     Therefore, the decision in Upper Yoder Township, 129 Pa. 640, has no application.   Under the act of 1836 the imposition of the expense of a rereview upon the petitioners is proper.

The petition for the rereview was not in the alternative, and the brief of counsel referred to in the second assignment of error was not part of it.   If the petitioners did not desire a rereview after the disposition of the exceptions to the view, they should have withdrawn their petition or taken some action indicating their wish to do so.   After taking the chances of a favorable report they cannot say with good grace that the appointment of the rereviewers and the continuance of the order were without their knowledge and consent and adverse to their interests.   We find no error or irregularity in the orders which are the subjects of the third and fourth assignments of error.

A general rule of court requiring viewers to report whether in their opinion the damages ought to be paid by the petitioners or the county involves no surrender of the power conferred on the court by the Act of February 24, 1845, P. L. 52, sec. 4.   The manifest purpose of the rule is, not to delegate to the viewers the power and duty of conclusively determining whether there is such public necessity for the road as to warrant the payment of damages by the county, but to obtain the opinion of the viewers as an aid to the court in forming a correct judgment upon that question.   A report that in

the opinion of the viewers they should be paid by the county is not binding on the court, but the approval of the report conclusively implies that the court has performed the duty imposed upon it by the act of 1845.

A certiorari in a road case brings up nothing but the record and there is nothing in this record to impeach the finding of the rereviewers, which is in accord with the reports of the viewers and the reviewers, as to the necessity for the road. The question is not before us, upon the merits.

It was not within the jurisdiction of the rereviewers to fix the width of the road, but the viewers recommended that the width be fixed at thirty-three feet, and this was the width fixed by the court when it confirmed the report nisi. The rereviewers report and recommend " the same road, with its courses and distances as reported by the viewers in this case." There is, therefore, absolute certainty as to the basis upon which the damages were assessed. Having adopted the plan reported by the viewers which was on file in the very case, we are of opinion that the omission to attach a copy of it to their report is not a fatal defect. The ninth and tenth assignments are overruled.

Possibly the court of quarter sessions may in its discretion refuse confirmation of a report of viewers when it does not affirmatively appear that the provisions of the Act of April 26, 1850, P. L. 595, relative to the duties of surveyors, have been strictly followed, but where the report contains all that is required by the act of 1836, and is so full and precise as to enable the supervisors to locate and open the road with absolute certainty, as is the case here, it will be held sufficient on appeal. See Road in Herrick and Ararat Townships, 16 Pa. Superior Ct. 579. Finding no error in the record, the assignments of error are overruled and the order is affirmed.