# Union Township Road.

*Road law—Terminus—Departure from petition—Report of viewers—Setting aside report.*

Where the report of road viewers locates the terminus of a road 142 feet from the terminus designated in the petition, the report will be set aside.

Argued May 11, 1905. Appeal, No. 201, April T., 1905, by Hattie Werner, from order of Q. S. Lawrence Co., June T., 1904, No. 5, overruling exceptions to report of viewers in the matter of the Public Road in Union Township between School Street and Sputh Lee Avenue. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exceptions to report of viewers. Before WALLACE, P. J. The opinion of the Superior Court states the case.

*Errors assigned* were in overruling exceptions to report of viewers.

*J. Norman Martin*, with him *S. L. McCracken*, for appellant. —To sustain the report is to allow the change in the eastern terminus which is a variation from the terminus designated in the petition and thereby lay out a road entirely different from that prayed for. It is to allow either a mistake of the viewers or a willful departure by them from the prayer of the petition and to give a road entirely different in location from that prayed for.

*H. K. Gregory*, with him *T. W. Dickey*, for appellees.—It is sufficient if there be substantial conformity: Road in Cassville Borough, 4 Pa. Superior Ct. 511 ; West Lampeter Township Road, 19 Lanc. 70 ; Springfield Road, 73 Pa. 127.

OPINION BY MORRISON, J., October 9, 1905:

This is an appeal from the decree of the court overruling exceptions and confirming absolutely the report of viewers laying out a public road. The petition called for a road in Union township beginning at a point on the east side of Round street,

formerly called School street, which point is 296 feet north of the north line of Moore avenue, formerly called Gibson street, measured along the east line of School street, and extending thence to a point in the west line of South Lee avenue, which point is distant about 300 feet northward from the said north line of Moore avenue.

The first assignment of error is : " In overruling appellant's third exception, viz. : " " that the road as laid out by the viewers does not conform to the petition in said case in that it is not laid out as asked for in the petition, the eastern terminus being at a different point and not conforming to the petition and the viewers had no authority in law to lay out and locate the road reported in this case." The petition and order required the viewers to locate the eastern terminus of the proposed road 300 feet northward from the north line of Moore avenue, but the plot or draft returned by the viewers located the terminus exactly 158 feet north of the north line of Moore avenue. This is a departure from the place designated of 142 feet and we feel bound, under the authorities, to hold that this disregard of the petition and order of court by the viewers invalidates their report and it should have been set aside.

In Cassville Borough Road, 4 Pa. Superior Ct. 511, we said : " That the termini reported by the viewers should correspond with those designated in the petition and order is clear upon reason and authority. They are the initials which describe the proceeding and limit the authority delegated by the court to the viewers. When once the viewers cut loose from the order, the identity of the proceeding is lost : Road in Lower Merion, 58 Pa. 66 ; Boyer's Road, 37 Pa. 257. But mathematical precision is not required in describing them either in the petition or report."

In Springfield Road, 73 Pa. 127, it is said : " All that the law requires is reasonable certainty in defining the points where the road should begin and end and that the road as laid out by the viewers shall begin and end substantially at the points designated in the petition." But we cannot say that the eastern terminus of this road ends substantially at the place designated in the petition. Instead of being about 300 feet north of Moore avenue, it is only 158 feet. This we consider an unreasonable and improper liberty taken by the viewers in

the location of this road.  We gather from this record that the location of the proposed road is in a thickly settled locality—land laid out in streets and lots, and a change of this road a distance of 142 feet is probably a very material matter.  It is sufficient, however, to say that the road was not located, substantially, where the petition and order directed.  The first assignment is sustained.

Inasmuch, as the sustaining of the first assignment of error requires a reversal of the decree and the setting aside of the report of viewers and all proceedings subsequent to the filing of the petition, it is not necessary to consider the other assignments of error, except the seventh.  We assume that if further proceedings are based upon the petition for the road in question, the learned court below will see that the report is in due form and that the notices required by the several acts of assembly shall be given.

The first and seventh assignments of error are sustained and the decree is reversed and the report of viewers and all proceedings subsequent to the filing of the petition are set aside at the costs of the appellees.