422 A.2d 199

**In re PRIVATE ROAD IN NESCOPECK TOWNSHIP.**

**Appeal of Timothy POTTER.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1979.

Decided Oct. 10, 1980.

Franklin E. Kepner, Jr., Berwick, for appellant.

Robert E. Bull, Berwick, for appellees.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

HESTER, Judge:

Presently before the court is the appeal of petitioner Timothy Potter, sometimes Potter, from the order of the lower court dated February 26, 1979, wherein his petition to open a private road was denied.

The salient facts may be briefly summarized as follows: On February 6, 1979, appellant Potter filed a petition in the Court of Common Pleas, Luzerne County, for the appointment of a Board of Viewers pursuant to the Act of June 13, 1836, P.L. 551, Section 11; April 4, 1901, P.L. 65, No. 32, Section 1; April 28, 1927, P.L. 485, Section 1, (36 P.S. 2731), for the purpose of opening a private road from his land-locked property to Pennsylvania Legislative Route 40017.

On that date, the lower court issued a rule upon the respondents, the abutting land owners, to show cause why a Board of Viewers should not be appointed. Respondents, thereafter, filed an answer and new matter in response to appellant's petition to which appellant filed a reply.

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

A hearing on appellant's rule was heard on February 26, 1979. No testimony was taken but counsel for the parties and the lower court engaged in a dialogue which is of record. On that date, the lower court entered its order denying appellant's petition for the appointment of a Board of Viewers.[1] Thereafter, this timely appeal.

Appellant's petition was brought pursuant to 36 P.S. Section 2731 which provides:

§ 2731. Proceedings to open private roads

The several courts of quarter sessions *shall*, in open court as aforesaid, *upon the petition* of one or more persons, associations, partnerships, stock companies, or corporations, *for a road from their respective lands or leaseholds to a highway* or place of necessary public resort, or to any private way leading to a highway, or upon the petition of the chief executive officer of any executive or administrative department of the State Government for a road from any public highway across any lands of any person, association, or corporation to the boundary line of any lands owned, controlled, or administered by the Commonwealth, *direct a view to be had of the place where such road is requested, and a report thereof to be made*, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty–six. 1836, June 13, P.L. 551, § 11; 1901, April 4, P.L. 65, No. 32, § 1; 1927, April 28, P.L. 485, § 1. (emphasis added).

■ Our reading of the aforementioned statute and relevant cases decided thereunder convinces us that the singular issue raised on a rule to show cause why a Board of Viewers should not be appointed is whether the petition contains the requisite information so as to require that a Board be

1. On March 12, 1979, appellant filed exceptions to the February 26, 1979 order, which exceptions were not considered by the lower court. Appellant was instructed that the February 26, 1979 order was final and that the proper procedure would be to appeal directly to the Superior Court. Appellant's exceptions therefore, are not made a part of the record in the instant case.

appointed. See *Little Private Road, Peters Township*, 35 Wash.Co. 75 (1956).

■ We read said statute as being mandatory by its very terms, "The several courts of quarter session shall, . . . upon the petition . . ., for a road from their respective lands of leasehold to a highway . . ., direct a view to be had of the place where such road is requested, . . . .

■ Has appellant satisfied the minimum requirements in his petition and reply to new matter to cause to be mandated the appointment of Viewers?

The petition contains the following:

4. That the aforementioned parcel is presently landlocked so that the Petitioner has no means of ingress from the said parcel to any public or private road.

5. That the land is bounded on the north by land of David Stewart, Jr., on the south by Route 80, on the West by Raymond Goldsworthy and Elizabeth G. Goldsworthy, his wife, and on the east by Lee B. Karchner.

6. That he desires to obtain a right–of–way from Pennsylvania Legislative Route 40017 to his land over the land of Raymond Goldsworthy and Elizabeth G. Goldsworthy, his wife, or David Stewart, Jr., so that he will be able to use and enjoy his aforementioned land.

Respondents argued and; the lower court agreed that appellant's petition was fatally deficient in that it failed to include the termini of the proposed private road.

We disagree and therefore reverse and remand.

There is nothing in the statute or in any applicable case law which convinces us that setting forth the termini of the proposed private road in the petition is a *condition precedent* to the appointment of a Board of Viewers.

We do not believe that any of the following aged cases, either directly or by implication, control: *Calhoon's Road*, 8 C.C. 222 (1890); *Kingston Township Private Road*, 5 Kulp,

235 (1883); *Roche's Private Road*, 10 Pa.Super. 87, (1899); *Boyer's Road*, 37 Pa. 257 (1860); *Seiple's Private Road*, 37 York, 169 (1923); *O'Hara Township Road*, 152 Pa. 319, 25 A. 602 (1893); *Union Township Road*, 29 Pa.Super. 179 (1905); *West Manchester Township Road*, 22 York, 83 (1908); *Conoy Township Road*, 25 Lanc. 286 (1908); *Ephrata Township Road*, 20 Lanc. 381 (1903); *Anderson's Appeal*, 25 Leg.Int. 77; *In Road in Lower Merion*, 58 Pa. 66; *Hellertown Road*, 5 Wates & Sergeant 202; *Keeling's Road*, 59 Pa. 358 (1868).

Rather, we are persuaded by a more recent lower court opinion which held:

It is conceded by petitioner that there are a number of cases holding that a petition for a private road should set forth the termini, and, that the petition here does not set forth any termini. It appears that the reason for this requirement was based on the original provisions in Section 11 of the Act of 1836, allowing a petition for "a road from their respective dwellings or plantations." The Act of April 4, 1901, P.L. 65, amended this Section by substituting the words "a road from their respective lands or leaseholds" for the above provision. At the present time, the rule requiring the designation of termini having been eliminated, there is no such requirement in effect.

*In Re Petition of Geary*, 40 Northump.L.J. 50, 52 (1968).

For a similar conclusion, See, *In Re: Private Road in Juanita Township*, 61 D & C 418 (1948) where a court opined:

The location of the road is wholly within the province of the viewers. Viewers go upon the premises of a proposed road and observe all the physical aspects of the land and are far better able to select a location than any judges sitting in the courthouse. The statute gives the viewers power to locate the road. P. 426–7.

■ Respondents also halfheartedly contend that petitioner's prior knowledge of the land–locked status of the property involved should deny him the benefit of said Act. We disagree. See, *In Re Petition for a Private Road in Monroe-*

*ville Borough,* 204 Pa.Super. 552, 205 A.2d 885 (1964); application for allocatur denied (1965).

We have failed to find in the road acts any indication of legislative intention to distinguish between persons who acquire land with knowledge and persons who acquire land without knowledge of its landlocked condition. (P. 886).

■ Finally, appellees argued and the lower court agreed that appellant's petition was defective and he therefore was not entitled to the appointment of a Board of Viewers because (a) appellant failed to provide requisite assurances of just compensation to the appellees (e. g. by the posting of a bond?) and (b) the lower court in its opinion asked and answered:

In short, the Court is asked to appoint and to pay three highly qualified and highly remunerated individuals to view, inspect and report on the need, appropriateness and location of an allegedly necessary easement and private road, without any iota of an inkling of the work involved, the time involved, or the expense involved. We are asked in short to pay for a yet–unjustified item without any idea of its cost. In this era of scrutinizing government expenditures, such a request is intolerable. (R 29a).

However we find no requirement in the Act for the posting of a bond by an individual petitioner in an effort to assure completion of the project; nor does the Act contain a vehicle by which a petitioner would be personally responsible for compensating the individual members of the Board of Viewers. And we shall not substitute our judgment for that of the legislature by imposing them! 36 P.S. § 2736 etc. deals specifically, if not completely to the satisfaction of the lower court, with the issue of damages.

Order Reversed and Remanded with instructions that the lower court comply forthwith with 36 P.S. § 2731 and appoint a Board of Viewers.

Reversed and remanded.