**Wayne P. HOLTZMAN and Phyllis M. Holtzman, his wife, Appellants,**

v.

**Armin G. ETZWEILER and Alberta J. Etzweiler, his wife; Arla I. Miller; Steven E. Geyer and Judith A. Geyer, his wife; Rodney Pyfer and Morgan C.E. Hahn.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2000.

Decided Oct. 16, 2000.

---

Jeffrey B. Eagle, Millersburg, for appellants.

Christian S. Daghir, Harrisburg, for appellees.

BEFORE: SMITH, Judge, FLAHERTY, Judge (P.), McCLOSKEY, Senior Judge.

1. Appellants initially appealed to the Superior Court of Pennsylvania which transferred jurisdiction to this Court on December 27, 1999.

2. Appellees joined Hahn as an additional respondent to Appellant's petition because the roadway proposed by Appellees will cross his property.

McCLOSKEY, Senior Judge.

Wayne and Phyllis Holtzman (Appellants) appeal an order of the Court of Common Pleas of Dauphin County (trial court) which confirmed the Report of the Board of View (Board) in its entirety.[1] The Board determined that a private roadway to access Appellants' landlocked property should pass over the property of Morgan C.E. Hahn (Hahn) and not the property of Armin G. Etzweiler, Alberta J. Etzweiler, Arla I. Miller, Steven E. Geyer, Judith A. Geyer and Rodney Pyfer (Appellees). We affirm.

On April 8, 1996, Appellants filed a petition for a private road, proposing that a private road be opened between the western line of Appellants' land and State Legislative Route 22030. This proposed road would cross the land of Appellees. Appellees filed objections to the petition, proposing that Appellants enter their property from the north by way of an open road leading south from Township Road T–559 (also called Hemlock Road) through the property of Hahn.[2] On July 10, 1996, the trial court appointed the Board.[3]

The Board determined that Appellants' property was landlocked and held that the most feasible route was the one leading to the northern boundary of the property from Hemlock Road. (Board's Report No. 7(e), R.R. at 27a). The Board explained:

The northern route from Hemlock Road represents the shortest access. It in and of itself is a relatively modest grade as opposed to some severe dips in the Petitioners' initial proposal. It traverses uninhabited woodland and traverses an existing pathway. However, once the proposed right of way access enters the property there may be a significant access problem to any proposed

3. The Board made two views of the premises on September 3, 1996, and January 24, 1998. The Board also held hearings on January 20, 1998, and January 28, 1998.

dwelling depending upon its placement. However, as we understand the appropriate considerations, they focus on the comparative routes to the landlocked tract—not the internal difficulties within the tract itself. Petitioners' original proposal utilizes an existing lane for the most part, but it is narrow, passable by one vehicle, and increased traffic could create additional burdens and difficulties with respect to it. Additionally, the lower route would infringe to some extent on Mr. Etzweiler's farming operation. Wetlands would be affected. Although Petitioners desire the original proposed route as modified, the other factors outweigh that desire. It should further be noted that only one property owner is affected by the northern route while a number of owners who strongly oppose the imposition of the road on the existing lane would be adversely affected according to their testimony.

(R.R. at 28a–29a).

Appellants filed exceptions to the Board's report, alleging that the Board abused its discretion because the proposed route fails to provide Appellants with "meaningful access" to their property. On December 29, 1998, the trial court denied Appellants' exceptions and confirmed the Board's report in its entirety.

On appeal to this Court,[4] Appellants argue that the trial court erred in confirming the Board's report. Specifically, Appellants assert that the Board abused its discretion because the proposed road fails to provide Appellants with "meaningful access" to their property.

Pursuant to Section 11 of the Private Road Act (Act), Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. § 2731, a Board has broad authority to determine whether a private road is necessary. *In re Private Road in Greene Township*, 343 Pa.Super. 304, 494 A.2d 859 (1985). In *In re Private Road in Nescopeck Township*, 281 Pa.Super. 341, 422 A.2d 199, 202 (1980), the Superior Court explained:

> The location of the road is wholly within the province of the viewers. Viewers go upon the premises of a proposed road and observe all the physical aspects of the land and are far better able to select a location than any judges sitting in the courthouse. The statute gives the viewers power to locate the road.

The Board must consider four factors when determining the site for a private road: the shortest distance, best ground, least injury to private parties, and desire of the petitioners. *See* Section 2 of the Act, 36 P.S. § 1785; *In re Laying Out and Opening a Private Road*, 405 Pa.Super. 298, 592 A.2d 343 (1991). Here, the Board chose the proposed route from Hemlock Road because 1) it represents the shortest access, 2) it is a relatively modest grade and 3) only one property-owner is affected. (R.R. at 28a–29a). Having reviewed the record in its entirety, we conclude that the trial court properly confirmed the Board's report. In other words, we believe the Board did not abuse its discretion in choosing the northern route from Hemlock Road as the proposed site for the private road.

At the hearing, Appellant-husband testified that his proposed route would cross the land of four different property owners. (R.R. at 46a). Moreover, Keith Heigel, Appellants' surveyor, testified that Appellants' proposed route would interfere with farmland and affect wetlands. (R.R. at 82a–83a). Further, William A. Burch, Appellees' surveyor, testified that the Board's proposed route is passable with a vehicle and is a short distance in length. (S.R.R. at 51b–54b). This evidence alone supports the conclusion that the best location for

---

4. Our scope of review of a trial court's decision regarding a Board of View's opening a private road is limited to ascertaining the validity of the court's jurisdiction, the regularity of the proceedings, questions of law and whether there has been an abuse of discretion. *In re Private Road in East Rockhill Township*, 165 Pa.Cmwlth. 240, 645 A.2d 313 (1994), *petition for allowance of appeal denied*, 539 Pa. 698, 653 A.2d 1235 (1994).

Appellants' access is via the Hahn property.

In addition, we must reject Appellants' argument that the trial court erred in confirming the Board's report because they were not provided with "meaningful access" to their property. In this regard, the cases cited by Appellants' neither discuss nor recognize the term "meaningful access." [5]

Accordingly, the order of the trial court is affirmed.

## O R D E R

AND NOW, this 16th day of October, 2000, the order of the Court of Common Pleas of Dauphin County is hereby affirmed.

---

5. For example, Appellants argue that our decision in *Mattei v. Huray*, 54 Pa.Cmwlth. 561, 422 A.2d 899 (1980), addresses the issue of whether lack of "meaningful access" acts as a basis for finding that a legal necessity for establishing a private road exists. However, contrary to Appellants' assertions, *Mattei* discusses whether a trial court erred in failing to grant a trial de novo on the issue of necessity for a proposed private road and whether it erred in considering the report of a board rather than making an independent determination of necessity. In addition, Appellants cite *Lobdell v. Leichtenberger*, 442 Pa.Super. 21, 658 A.2d 399 (1995), for the proposition that adequate access for the use and enjoyment of one's property is required in making such a determination. However, *Lobdell* involved an appeal from a trial court's decision granting a demurrer and whether the appellant had adequately pleaded her cause of action.