## Mount Pleasant Township Road.

*Road law—Private road—Board of view—Qualifications of members—Notice—Act of June 23, 1911.*

1. The provision of the 1st section of the Act of June 23, 1911, P. L. 1123, that viewers must be freeholders is mandatory.

2. Section 5 of the same act is also mandatory in requiring that at least one person appointed on a board of view shall be learned in the law.

3. It must affirmatively appear that notice was given to the owner of premises over whose land a proposed private road will pass.

Exceptions to viewers' report. Q. S. Westmoreland Co., May Sess., 1921, No. 7.

*R. D. Laird*, for exceptants; *Bell & Bell*, contra.

COPELAND, P. J., Jan. 16, 1922.—On July 25, 1921, John Frank presented his petition to the court, in which he set forth, *inter alia*, as follows: That he labors under great inconvenience for want of a private road to lead from his dwelling-house, in the Township of Mount Pleasant, to a point on the public road at a spring that leads from the Greensburg and Somerset or old Felgar public road to the clay pike, also at a point near a big rock on land adjacent to said public road, which point is about 200 feet southwest from a

2 .D. & C.

bridge crossing a small stream, and which rock or point of ending is about one mile northeast from the junction of said public road with said clay pike, and that the said proposed private road will traverse rocky timber-land owned by J. R. Dillon, all located in Mount Pleasant Township, the prayer of the petition being that the court appoint proper persons to view and lay out the private road asked for in the petition according to law.

On the day of the presentation of the petition W. H. Matthews, A. M. Dick and George Sprague were appointed viewers, with direction that W. H. Matthews give notice.

Pursuant to this appointment, the viewers assumed the duties of their appointment, viewing the premises, laying out the road, holding a hearing to determine the damages done by reason of the laying out of this private road, and, finally, filed their report in court on Nov. 26, 1921.

On Nov. 21, 1921, J. R. Dillon, by his attorney, R. D. Laird, filed exceptions to the report and asked that the proceedings be set aside for the following reasons:

"1. That George Sprague, one of the viewers appointed to view the premises and one of the signers to the report of said viewers, is not a freeholder.

"2. That none of the viewers appointed to view the proposed private road and premises affected thereby and signing the report in the above stated case are learned in the law.

"3. That personal notice of the proceedings or of the view was not given by the viewers to J. R. Dillon, the owner of the premises over which land the proposed private road passes.

"4. That the report of viewers, as filed at the above number and term, does not show that personal notice, or any notice, was given to J. R. Dillon or to any of the owners of property over which the proposed private road passes.

"5. That the report of viewers, as filed at the above number and term, was not made or written by any of the viewers whose names are signed thereto.

"6. That the report of viewers, as filed at the above number and term, shows that J. R. Dillon and his attorney, R. D. Laird, were present at the hearing, when, as a matter of fact, J. R. Dillon and his attorney, R. D. Laird, took no part in the hearing, either in the examination or cross-examination of witnesses, and the said attorney requested the viewers to enter his appearance de bene esse, and the viewers requested the scrivener who made up the report to make a note that the attorney appeared de bene esse.

"7. That the report of viewers, as filed at the above number and term, is replete with misstatement of fact."

The first exception to this report is that one of the viewers appointed to view the premises and one of the signers to the report of the viewers is not a freeholder. This reason seems to be well grounded, and if the act of assembly is to be followed and the viewer was disqualified, the exception must be sustained. The qualification of a viewer as to being a freeholder is set forth in the 1st section of the Act of June 23, 1911, P. L. 1123, as follows: "Each member of the board of viewers must be at least twenty-five years of age, must be a freeholder, must be a qualified elector of the proper county, must have resided therein for five years immediately prior to his appointment, and must not be engaged in any public employment of profit."

The language used in this act, "must be a freeholder," is mandatory, in that it designates the persons who are eligible on a view of this character and that the duties devolved upon viewers can be done by no others. Therefore, one of the qualifications of a person appointed to serve as a viewer on a proceeding of this character is that he "must be a freeholder." If he is not, then the

language of the act is not followed, and the acts done by him as a member of the board of viewers will be invalid.

It has been held that where the requirements of an act are intended to protect a citizen and prevent the sacrifice of his property, and where a disregard of these requirements might, and generally would, injuriously affect his rights, they are not directory, but mandatory. The requirements, then, must be followed or the acts done will be invalid.

Where a public interest or a private right requires that a thing shall be done, the words "may" and "shall" are always construed in the sense of "must." When the word "must" appears in the statute in relation to how the thing is to be done or the qualification of the person by whom an act is to be done, it is obligatory to follow the exact requirements of the act. The word "must" is defined by Webster's Dictionary "to be necessary"—"to be obliged." So far as we have been able to discover, it never has been construed to import permission or used as a directory word, but always as a mandatory word, and when the act of assembly under discussion in the case at bar says that each member of the board of viewers *must* be a freeholder, the word makes it obligatory on the court to appoint only such persons as are freeholders. Therefore, this exception must be sustained.

The second exception filed complains that none of the viewers appointed to view the proposed road in this case is learned in the law and is a member of the bar of the proper county.

Section 5 of the Act of June 23, 1911, P. L. 1123, provides as follows: "Whenever hereafter a petition shall be presented to any court, judge or judges of this Commonwealth, praying the appointment of viewers, reviewers or re-reviewers, or of a jury of view, or of a road jury, or of commissioners of view, or of any person or body, under any designation, for the purpose of viewing, laying out, opening, grading, altering, widening, vacating or constructing of roads, streets, highways, sewers or bridges, or for the assessment of damages and benefits occasioned by such laying out, opening, grading, altering, widening, vacating and constructing of roads, streets, highways, sewers or bridges, or occasioned by any appropriation of land by municipalities and of other corporations having the power of eminent domain, the court shall appoint a board of view of three members—one of whom shall be learned in the law—from among the board of viewers of the county as such viewers, reviewers, re-reviewers, or jury of view, or road jury, or commissioners of view."

This language is mandatory and requires that at least one of the persons appointed on a board of view shall be learned in the law.

It was said in the case of Weitz *v.* Jeannette Borough, 22 Dist. R. 1024, in an opinion written by the late Lucien W. Doty, President Judge of the courts of Westmoreland County: "That none of the viewers is learned in the law. In the answer filed both grounds are admitted. That is, it is admitted that no one learned in the law was among the viewers in this case and that one of the viewers is not a freeholder. The act provides for the qualification of viewers, and further provides that the office of any member of the board shall be vacant immediately upon 'his ceasing to possess any of the qualifications above required.' If the act is to be followed, the viewer was disqualified and the exception is well founded. The act also positively requires that one of the three viewers shall be learned in the law. As it is admitted that not one of the viewers was a member of the bar or learned in the law, this exception must also be sustained."

This exception must be sustained.

2 D. & C.

The third exception complains that personal notice of the proceeding or of the view was not given to J. R. Dillon, the owner of the premises over whose land the proposed road passes. It is needless for us to say that the same notice must be given in the case of a private road as is provided for in the case of a public road. It repeatedly has been held that it is absolutely necessary that the owner have personal notice or the proceeding will be void, and such notice must appear of record. The petition in this case, while it says that notice was given, does not say how or to whom the notice was given. This must appear affirmatively in the report: Coppock's Petition, 1 Del. Co. Reps. 95; Neeld's Road, 1 Pa. 353; Boyer's Road, 37 Pa. 257; Plumcreek Township, 110 Pa. 544; Private Road in Redstone Township, 112 Pa. 183; Shawhan's Petition, 7 Atl. Repr. 97; 5 Cent. Repr. 559. This exception must be sustained.

The fourth exception, which raises the same question as the third exception, must be sustained for the reasons already given.

We do not think it necessary for us to consider the fifth, sixth and seventh exceptions at this time, in view of the fact that, from what we already have indicated, the report of the viewers must be set aside.

The exceptions in this case have been sworn to and no answer has been filed denying the averments therein contained; therefore, what is set up in the exceptions must be taken as true, and, being true, it is plainly apparent, from the act of assembly and the decisions we have quoted, that this report of viewers must be set aside.

And now, to wit, Jan. 16, 1922, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the report of viewers be and the same hereby is set aside without prejudice to the petition *de novo;* and, further, that the costs of the present petition be paid by the petitioner.

From William S. Rial, Greensburg, Pa.