# Home Owners' Loan Corp. v. Boscarino et ux.

*Scott Fink*, for plaintiff.

*Joseph M. Loughran*, for defendants.

LAIRD, J., April 27, 1938.—We are asked by defendants in this writ of fieri facias to postpone the sale and stay the writ until the first Monday of August term, 1938.

Several visionary and optimistic reasons were assigned for such action on the part of the court, and the Act of May 25, 1937, P. L. 812, is cited as authority for this petition and for such action by the court. Particular stress is laid upon the second section of the act, which provides as follows:

"Section 2. Every court of common pleas of this Commonwealth shall have authority, under the conditions hereinafter set forth, to stay any writ of execution from time to time and for such periods as the court, in its discretion, may deem proper. Such stays shall be allowed only upon application of an owner, lienholder, or any other person in interest, and, unless the plaintiff consent thereto, only upon the applicant's showing to the court such facts as the court may deem sufficient to warrant such relief. In granting any such stay or continuance, the court may impose such condition as it deems proper as to payment of costs, taxes, accruing interest, repairs, advertising and notice of sale, insurance, and any other pertinent matters."

Unfortunately for petitioners, the Home Owners' Loan Corporation is the plaintiff in this execution and we are confronted with section 6 of the Act of June 2, 1937, P. L. 1182, which provides as follows:

"Section 6. This act shall become effective immediately upon final passage by the Legislature and approval by the Governor, and shall continue in force only until the thirty-first day of March, one thousand nine hundred thirty-nine: Provided, That the provisions of this act shall not apply to the foreclosure of mortgages insured under Title II of an Act of Congress of the United States, entitled the 'National Housing Act,' approved the twenty-seventh day of June, one thousand nine hundred thirty-four, or to the foreclosure of mortgages issued to, and/or held by, any corporation organized and existing under the laws of the United States of America, if, at the time of

such foreclosure, the United States of America owns a majority of the capital stock of such corporation."

Counsel for petitioners, undoubtedly imbued with some of the optimism of his clients, argues that the petition is not drawn under the Act of June 2, 1937, supra, but is drawn in accordance with and presented under the Act of May 25, 1937, supra, and that as this last-mentioned act makes no mention of the Home Owners' Loan Corporation or of "any corporation organized and existing under the laws of the United States of America," the court has the power and authority to make the order as prayed for.

Save for the clause "Provided, That the provisions of this act shall not apply . . . to the foreclosure of mortgages issued to, and/or held by, any corporation organized and existing under the laws of the United States of America, if, at the time of such foreclosure, the United States of America owns a majority of the capital stock of such corporation", the acts are almost identical and certainly must be classed as pari materia and must be construed so as to give effect to both.

Where there are several acts on the same subject they are to be taken together and as interpreting and enforcing each other. Statutes on the same subject are to be construed together: In re Neeld's Road, 1 Pa. 353; Keeling's Road, 59 Pa. 358.

These Acts of May 25, 1937, and June 2, 1937, being in pari materia, must be construed together: Linton's Appeal, 104 Pa. 228. See also Endlich on Interpretation of Statutes, 54, 55, §§43, 44.

Statutes should, if possible, be construed so as to give effect to every intendment of the legislature. This will not be done if we grant this petition, but the provisions of neither act will be violated if the petition for stay be refused or denied.

In the case of Commonwealth ex rel. v. Kline et al., 294 Pa. 562, 566, it is said:

"The general rule still remains that where two apparently incongruous statutes are passed at the same session

of the legislature, they must, if possible, be so construed as to give due effect to each of them".

Whatever may be said of the 1937 legislature, we do not believe that they intended to appear ridiculous and they certainly would so appear if petitioners' argument is sound.

They maintain that, their petition being drawn under the provisions of a general statute, such as they allege the Act of May 25, 1937, P. L. 812, is, it takes precedence over and supersedes the more special statute of June 2, 1937, P. L. 1182, and that by reason of the general provisions of the former statute, the property owner in default on payments due on his mortgage to the Home Owners' Loan Corporation may avoid foreclosure by presenting a petition to the court asking a stay under the Act of May 25, 1937, and thus detour around the Act of June 2, 1937. We do not think the legislature intended to create any such anomaly.

In Endlich on the Interpretation of Statutes, §182, it is said:

". . . 'it is not in accordance with settled rules of construction to ascribe to the law-making power an intention to establish conflicting and hostile systems upon the same subject, or to leave in force provisions of law by which the later will of the Legislature may be thwarted and overthrown. Such a result would render legislation a useless and idle ceremony, and subject the law to the reproach of uncertainty and unintelligibility.' It is impossible to will contradictions; and if two passages are irreconcilable, the earlier stands impliedly repealed by the latter . . . 'Of course, subsequent legislation repeals previous inconsistent legislation, whether it expressly says so or not. In the nature of things it would be so, for contradictions cannot stand together."

And in section 183:

"As to repugnant portions of a code it has been held that the sections last adopted, or portions transcribed from later statutes, must be deemed to repeal sections

adopted earlier or transcribed from earlier statutes, or so to modify them as to produce an agreement between them."

It is not contended that the Home Owners' Loan Corporation does not fall within the excepting provisions of section 6 of the Act of June 2, 1937, P. L. 1182, and we believe it can be admitted that a majority of the capital stock of the Home Owners' Loan Corporation is owned by the United States of America and that the instant case comes within the provisions and exceptions before mentioned in section 6 of the Act of June 2, 1937.

We are of the opinion that, the two acts being in conflict as to this one provision, the former act must give way and the provisions of the later act stand. It is argued, however, by petitioners that both acts can and should stand and be operative at one and the same time and that the mortgagors, who are in default to the Home Owners' Loan Corporation, may avoid the consequences of their unfortunate financial embarrassment by presenting a petition to the court under the general Act of May 25, 1937. They cite as authority for their contention the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 91 of which act is cited as warranting such position. This section provides as follows:

"Whenever a law purports to be a revision of all laws upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former law and is intended as a substitute for such former law, such law shall be construed to repeal all former laws upon the same subject.

"Whenever a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal pre-existing local or special laws on the same class of subjects.

"In all other cases, a later law shall not be construed to repeal an earlier law unless the two laws be irreconcilable."

We cannot agree that the Statutory Construction Act passed at the same session of the legislature as the two acts above mentioned warrants any such conclusion. We are of opinion that the Statutory Construction Act, supra, negatives any such conclusion.

We find section 63 of article IV of the said Statutory Construction Act provides as follows:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

This position seems to be more firmly established by sections 65 and 66 of the act, which provide as follows:

"Irreconcilable Laws Passed During the Same Session. —Whenever the provisions of two or more laws passed during the same session of the Legislature are irreconcilable, the law latest in date of final enactment, irrespective of its effective date, shall prevail from the time it becomes effective except as otherwise provided in sections seventy-two and ninety-four.

"Section 66 Irreconcilable Laws Passed at Different Sessions.—Whenever the provisions of two or more laws passed at different sessions of the Legislature are irreconcilable, the law latest in date of final enactment shall prevail."

We, therefore, conclude that while the Act of June 2, 1937, does not repeal the Act of May 25, 1937, yet they must both be construed together and if possible effect given to both. Effect cannot be given to both except by suspending the operation of the Act approved May 25, 1937, during the operation and continuance of the Act approved June 2, 1937, as provided in section 7 of the later act, which is as follows: "All acts and parts of acts

inconsistent herewith are suspended while this act is in effect."

For these reasons, the court is not empowered to interfere with the writ of fieri facias issued in this case and the petition must, therefore, be denied.

And now, to wit, April 27, 1938, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the motion for stay of execution be and the same hereby is denied.